■ ARTHUR J. MARTINEZ, Appellant, v METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY, Respondent.—In a proceeding pursuant to CPLR article 75 to vacate a master arbitrator's award which vacated an expedited arbitration award, the petitioner appeals from a judgment of Supreme Court, Nassau County (Christ, J.), entered June 22, 1987, which denied his petition to vacate the master arbitrator's award.

Ordered that the judgment is affirmed, with costs.

We agree that the master arbitrator did not exceed his power in this case *(see, Matter of Smith [Firemen's Ins. Co.],* 55 NY2d 224). A master arbitrator is empowered to vacate an

award rendered in expedited arbitration which is incorrect as a matter of law (11 NYCRR former 65.17 [a] [4], now 65.18 [a] [4]; *see, Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207). While a master arbitrator may not vacate an award based upon a de novo review of the evidence *(see, Matter of Petrofsky [Allstate Ins. Co.]*, *supra*, at 212), applying the law to a given set of facts is well within the province of a master arbitrator, even if his conclusion differs from that of the arbitrator *(see, Matter of Smith [Firemen's Ins. Co.]*, *supra*, at 231-232; *Matter of Owens [Northwestern Natl. Ins. Co.]*, 116 AD2d 784). Accordingly, the Supreme Court properly denied the petition to vacate the master arbitrator's award.

We have examined the petitioner's remaining arguments and find them to be without merit. Mangano, J. P., Thompson, Kunzeman and Eiber, JJ., concur.