■ In the Matter of the Arbitration between HANOVER INSURANCE COMPANY, Respondent, and WENDY BANKER, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Bradley, J.), entered March 10, 1988 in Ulster County, which granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Petitioner, an automobile insurance carrier, paid respondent

---

no-fault benefits for injuries suffered in an October 12, 1985 accident. When petitioner discontinued payment of lost earnings benefits, respondent filed a request for arbitration of the denial of benefits for the period from January 8, 1986 to June 30, 1986. The arbitrator found that based on medical opinions from two chiropractors and two physicians, it was difficult to pinpoint when respondent was capable of returning to work. However, he specifically credited a physician who examined her on July 16, 1986 and found her able to return to her job "as an instructor and nutritional stress management counselor * * * first on a limited basis". None of the medical experts expressed the opinion that respondent was capable of full-time work prior to June 30, 1986.

The arbitrator ruled that respondent was incapacitated from January 8, 1986 to April 11, 1986, but that beyond that her disability was not related to the October 1985 accident. The facts cited to support this conclusion were her pregnancy which culminated in the birth of a full-term baby on June 10, 1986 and the winding down of her corporate nutrition and health consulting business, from which she apparently last received income on April 11, 1986.

Respondent requested review by a master arbitrator, who in turn corrected an error of law which is not here in issue, made new findings of fact and concluded that the denial of no-fault benefits for lost earnings from April 11, 1986 to June 30, 1986 was irrational and without basis in fact. Petitioner then made the instant application to set aside the master arbitrator's decision. Supreme Court noted that the master arbitrator had made an impermissible independent finding of facts (see, 11 NYCRR 65.18 [a]; Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 212) and found sufficient evidence to support the arbitrator's factual determination. Respondent appeals; we affirm.

There is no medical evidence that respondent's pregnancy in any way limited her ability to work; indeed she maintained that none of her five prior pregnancies interfered with her work. On the other hand, however, the fact that respondent's volume of work was declining at the same time that the medical evidence indicates her condition was improving provides sufficient evidence to support the conclusion that she was discontinuing her business for some reason other than the injuries she suffered in the automobile accident. While these facts are also consistent with the suggestion, proffered by respondent, that her condition was improving because she was reducing, and eventually halted, her business activities, it is

not for the courts or the master arbitrator to substitute their assessment of the facts for that of the arbitrator.

Respondent also argues that for public policy reasons wage loss benefits should not be denied to her simply because she was pregnant. While it would be irrational to deny such benefits without evidence of a causal relationship between a particular pregnancy and the inability to work, here the basis for the arbitrator's opinion appears to have been respondent's decision to discontinue work for reasons other than her disability regardless of whether those reasons included her pregnancy.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.