In the Matter of the Arbitration between AETNA CASUALTY AND SURETY COMPANY, Appellant, and HUGO BERSON, Respondent. [639 NYS2d 530] —Peters, J.

Respondent purchased an automobile insurance policy from petitioner which commenced November 1990 and expired in May 1991. In March 1991, respondent was injured in an automobile accident and collected disability benefits from a separate policy with petitioner for a certain period. In July 1992, respondent submitted a claim for lost wage benefits under the no-fault provision of petitioner's automobile policy. Respondent claimed that, at the time of the accident, he was in the midst of developing a business venture involving barter in the African nation of Sierra Leone that he was unable to conclude because of his injuries. Petitioner denied the claim as unproven on the basis that, because respondent's income tax forms for the previous few years had shown negative income because of business losses, no claimed loss of wages could be established.

Respondent thereafter instituted an arbitration proceeding to challenge this denial. Eventually, the arbitrator issued a decision denying respondent's request for benefits. Respondent appealed the arbitrator's decision to a master arbitrator who vacated the arbitrator's award and ordered petitioner to pay respondent no-fault benefits in the sum of $2,000 per month

for lost wages for the full disability period together with counsel fees. Petitioner then brought this proceeding seeking to vacate the master arbitrator's award. Except for ordering a remittal for the purpose of recalculating the amount due under the award, Supreme Court denied petitioner's application to vacate the award. Petitioner now appeals.

We affirm. Contrary to petitioner's contentions on appeal, the record does not support its assertion that the master arbitrator exceeded his authority in vacating the arbitrator's decision (cf., Matter of Allstate Ins. Co. v Keegan, 201 AD2d 724, 725). The arbitrator listed three grounds for denying respondent's claim, the first of which was the alleged untimeliness of respondent's claim for no-fault benefits. Since petitioner specifically denied respondent's claim solely on the issue of insufficiency of respondent's claim of lost earnings and did not mention the subject of timeliness at any point prior to the hearing, it was improper for the arbitrator to list this ground as a reason for denying respondent's claim.

The arbitrator also denied respondent's claim because "no actual commitment of funds was ever actually committed or made" with respect to the planned trade venture in Sierra Leone and, finally, that "the breakout of war and revolution engulfing Sierra Leone would have in any event made the May, 1991 date for operations to actually begin, impossible". The master arbitrator rejected these latter two findings on the basis that respondent's evidence that he was prevented from earning a specified amount of money upon his departure for Africa by reason of the injuries he sustained in the accident was unrefuted by petitioner. Respondent produced the contracts in place for the proposed business venture. The master arbitrator found that the arbitrator erred in finding that respondent had an obligation to verify the investors' finances when, in fact, it would have been petitioner's burden to challenge the prima facie proof presented by respondent. Further, the master arbitrator found that the arbitrator relied upon speculative evidence outside the record as to political unrest in Sierra Leone.

We agree with Supreme Court that petitioner improperly characterized the master arbitrator's rulings as independent factual findings involving the weighing of evidence and evaluating the credibility of witnesses (cf., Matter of Hanover Ins. Co. [Banker], 151 AD2d 805, 806). Instead, the master arbitrator properly focused on the evidence in the record in concluding that the arbitrator acted irrationally by finding that respondent failed to prove a prima facie case.

Petitioner's remaining arguments have been examined and found to be unpersuasive.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.