■ COUNTRY-WIDE INSURANCE COMPANY, Respondent, v VERA ZABLOZKI, Appellant. [684 NYS2d 229] —Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered September 11, 1997, which granted the petition of Country-Wide Insurance Company to vacate an award of the master arbitrator in favor of respondent, Dr. Vera Zablozki, and remanded the matter for review by a different master arbitrator, unanimously reversed, with costs and disbursements, the petition dismissed and the master arbitrator's determination reinstated.

The uncontested facts are that the assignor, Inna Vinogradov, allegedly sustained personal injuries when she struck her head on the windshield of an automobile in a motor vehicle collision. The petitioner, Country-Wide Insurance Company, was the insurer of the vehicle in which Vinogradov was riding. She received medical treatment for her injuries and Dr. Vera Zablozki, as assignee of Vinogradov, submitted a no-fault claim to petitioner for reimbursement, for neurological testing on several occasions, in the amount of $3,211.12. This claim was submitted on May 19, 1994. However, on August 24, 1994, more than 30 days after the date the claim was submitted, Country-Wide paid only $369.71 of the claim and rejected the balance on the ground the testing was excessive.

Thereafter, an arbitrator awarded respondent $968.13 for the tests conducted on one date, but rejected the balance of the

claim on the ground that the further testing was unreasonable and unnecessary. The master arbitrator awarded respondent the full amount she had sought plus attorney fees. The IAS Court granted the petition of the insurer to vacate this award and remanded the matter for review by a different master arbitrator. This determination was in error and therefore we reverse and reinstate the determination of the master arbitrator and dismiss the petition.

Insurance Law § 5106 (a) and the corresponding regulations of the Insurance Department (11 NYCRR 65.15 [g] [3]) preclude the defense of excessive testing by an insurer which has failed to deny a no-fault claim within 30 days, as in the instant case. The Court of Appeals has held that an insurer, despite its failure to reject a claim within the 30-day period prescribed by these sections, may assert a lack of coverage defense. However, it distinguished such a defense from disclaimer attempts based on a breach of policy conditions (*Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d 195, 199). The Court, however, went on to emphasize that: "We would not, for example, extend this exceptional exemption to excuse [the insurer's] untimely defense in relation to the treatment being deemed excessive by the insurer. That would not ordinarily implicate a coverage matter and, therefore, failure to comply with the Insurance Law time restriction might properly preclude the insurer from a belated rejection of the billing claim on that basis." (*Supra,* at 199.)

As noted by the initial arbitrator, coverage was *not* an issue in the arbitration and thus this arbitrator should have precluded petitioner from offering the defense of excessive treatment, which was its only basis for refusing to reimburse respondent. Contrary to the decision of the IAS Court, the master arbitrator did not weigh or independently evaluate issues of credibility or engage in any factual analysis. Broad powers of the master arbitrator include the authority to reverse a lower arbitrator who renders an award that is incorrect as a matter of law or based on the application of erroneous legal standards (*see, Matter of Smith [Firemen's Ins. Co.],* 80 AD2d 702, 703, *affd* 55 NY2d 224). The master arbitrator, in correcting the error of law of the first arbitrator, simply noted that the preclusion rule applied and therefore foreclosed consideration of any of the evidence submitted by petitioner. The issue of whether the preclusion rule applied was a legal ruling which placed it within the scope of the master arbitrator's power of review (*see,* 11 NYCRR 65.18 [a] [4]; *see also, Martinez v Metropolitan Prop. & Liab. Ins. Co.,* 146 AD2d 610, 611). Concur—Nardelli, J. P., Rubin, Tom and Andrias, JJ.