■ In the Matter of Empire Insurance Company, Appellant, v Anna Lam, Respondent. [712 NYS2d 360] —In a proceed-

ing pursuant to CPLR article 75 to vacate the award of a master arbitrator, dated June 25, 1999, which vacated an award of an arbitrator dated March 16, 1999, the petitioner appeals from an order of the Supreme Court, Kings County (Mason, J.), dated November 9, 1999, which, *inter alia*, denied the petition.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly determined that the petitioner failed to demonstrate any of the requisite statutory criteria for vacating an arbitration award (*see,* CPLR 7511 [b]). Contrary to the petitioner's contention, the master arbitrator did not exceed his power, nor did he vacate the award based upon a de novo review of the evidence (*see, Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207; *Matter of Aetna Cas. & Sur. Co. [Berson],* 225 AD2d 983; *cf., Matter of Allstate Ins. Co. v Keegan,* 201 AD2d 724). A master arbitrator is empowered to apply the law to a given set of facts even if his or her conclusion differs from that of the arbitrator (*see, Martinez v Metropolitan Prop. & Liab. Ins. Co.,* 146 AD2d 610). Accordingly, the master arbitrator did not exceed his powers by vacating the original arbitration award, which, in light of the evidence, was "incorrect as a matter of law" (11 NYCRR 65.18 [a] [4]; *see,* Insurance Law § 5106; *Matter of Petrofsky [Allstate Ins. Co.], supra; Martinez v Metropolitan Prop. & Liab. Ins. Co., supra; Country-Wide Ins. Co. v Zablozki,* 257 AD2d 506).

The petitioner's remaining arguments are without merit. Ritter, J. P., Santucci, Altman and Schmidt, JJ., concur.