OPINION OF THE COURT
Per Curiam.
Order entered October 24, 2001 reversed, with $10 costs, *323 plaintiffs motion for summary judgment is granted, and the matter is remitted to Civil Court for (1) the assessment of appropriate attorney’s fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder, and (2) the entry of a judgment in favor of plaintiff and against defendant in the principal sum of $450.83, plus appropriate interest and attorney’s fees.
Plaintiff provided a series of orthopedic treatments to its assignor, Reyna Martinez, for injuries sustained in a motor vehicle collision and, on April 12, 1999, submitted a no-fault claim to defendant, the insurer of the vehicle in which Martinez was riding. On July 28, 1999, more than 30 days after plaintiffs submission of its no-fault claim, defendant paid a portion of the claim and rejected the balance ($450.83) on the stated ground that the medical fees charged were excessive. In defense of the ensuing action seeking payment of the remaining balance of the assigned no-fault claim, defendant denied liability not on the basis of excessiveness, but on the ground that it had previously notified Martinez of its determination to deny “all further orthopedist benefits” claimed due in connection with the vehicular accident effective January 26, 1999, based upon a medical examination of Martinez held in December 1998.
Insurance Law § 5106 (a) provides that payment of no-fault first-party benefits “shall be made as the loss is incurred.” The cited section and the corresponding Insurance Department regulations (11 NYCRR 65.15 [g] [3]) preclude a defense of excessive or unnecessary medical treatment by an insurer which has failed to deny a no-fault claim within 30 days (see, Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997]; Country-Wide Ins. Co. v Zablozki, 257 AD2d 506 [1999]), as in the matter before us.
Although defendant argues otherwise, its belated denial of plaintiff’s no-fault claim is not properly “deemed” timely on the basis of its earlier blanket disclaimer of responsibility to reimburse plaintiff’s assignor for further orthopedic treatment, a disclaimer which predated plaintiff’s rendition of the services billed for and the filing of plaintiff’s claim form. “When a provider of medical services submits a claim as assignee of an insured, neither the statute nor the regulations contemplated] the insurer simply sitting mute and failing to act upon the claim, silently and secretly relying upon an earlier denial issued directly to the insured.” (Atlantis Med. v Liberty Mut. Ins. Co., 2002 NY Slip Op 40043[U], *9 [Nassau Dist Ct, *324 Mar. 15, 2002].) The contrary construction urged by defendant — effectively authorizing the sub rosa denial of properly filed no-fault claims — is inconsistent with the plain language of Insurance Law § 5106 (a) and, if adopted, would serve to vitiate the so-called 30-day rule embodied in 11 NYCRR 65.15 (g) (3) and to undermine a core objective of the no-fault scheme— “to provide a tightly timed process of claim, disputation and payment.” (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 281 [1997].)
To the extent defendant seeks to invoke the general rule that an assignee is subject to the same defenses as would be available against its assignor (see, General Obligations Law § 13-105), the rule, as codified, finds no application in circumstances where, as here, the assigned claim is “regulated by special provision of law” (id.).