OPINION OF THE COURT
Edgar G. Walker, J.
*445 In this action to recover unpaid benefits claimed to be due for medical services allegedly rendered to its assignor, plaintiff* has moved for summary judgment. In support of the motion plaintiff has annexed, inter alia, the claim form it submitted to the defendant which it claims was neither timely paid nor denied. Defendant, in opposition, claims, inter alia, the form is not the prescribed New York State form N-F 3. Rather, plaintiff has utilized the generic health insurance claim form, HCFA/CMS 1500.
The claim form is signed by the treating doctor, Myung Choi. However, Dr. Choi is not a plaintiff herein nor is he the applicant patient’s assignee. The claim was assigned to the plaintiff which submitted the claim form to the defendant. Where, as in this case, the treating provider is different than the billing provider, form N-F 3 (item 16) requires disclosure of the business relationship between the treating provider and the billing provider (employee, independent contractor, other). Form 1500 does not call for such information nor is the relationship disclosed anywhere on the form submitted by the plaintiff to the defendant.
A complete proof of claim is a prerequisite to entitlement to no-fault benefits. (St. Luke’s-Roosevelt Hosp. v American Tr. Ins. Co., 274 AD2d 511 [2000]; Interboro Gen. Hosp. v Allcity Ins. Co., 149 AD2d 569 [1989].) While a form other than the prescribed form may be used, it must contain “substantially the same information as the prescribed form.” (11 NYCRR 65.15 [d] [5].) The court must, therefore, determine whether, in the absence of the information called for in item 16 of form N-F 3, the form submitted by plaintiff is sufficient to establish its right to payment from the defendant.
Plaintiff submitted this claim as the assignee of the applicant for no-fault benefits, but no-fault benefits are not freely assignable to any person or entity without restriction. The Insurance Department regulations provide, in relevant part, for direct payment of benefits “directly to the applicant ... or, upon assignment by the applicant . . . [to] the providers of services” (11 NYCRR 65.15 Q] [1] [emphasis supplied]). Pursuant to this regulation, plaintiff would be entitled to payment from the defendant as assignee only if it was the provider of the services *446 billed for. If the treating provider was an employee of the billing provider, the billing provider would be considered a provider of services, through its employee, and thereby entitled under the regulation to direct payment. If, however, the treating provider was an independent contractor, the billing provider would not be entitled to direct payment under the regulation since it did not provide services to the applicant patient.
The significance of the information required by item 16 of form N-F 3 is apparent. It relates directly to the right of the billing provider to receive direct payment from the insurer as the assignee of the applicant. At least where, as in this case, the billing provider is not the treating provider, the submission of form 1500 does not constitute a complete proof of claim.
Since plaintiff did not submit a proper proof of claim, it failed to establish a prima facie case of entitlement to payment of no-fault benefits. The motion must, therefore, be denied regardless of the sufficiency of the opposing papers. (Alvarez v Prospect Hosp., 68 NY2d 320 [1986].)

 Although there are two named plaintiffs in the caption, the moving papers make no reference to Jamil M. Abraham M.D. EC., doing business as Park Health Center. As used herein “plaintiff’ refers solely to Rockaway Boulevard Medical EC., doing business as Queens Diagnostic Center.