■ A & S MEDICAL P.C., as Assignee of REYNA MARTINEZ, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [789 NYS2d 27]—

Order of the Appellate Term of the State of New York, First

Department, entered on or about June 18, 2003, which, in an action by a health provider against a no-fault insurer to recover on an assigned no-fault claim, reversed an order, Civil Court, Bronx County (Wilma Guzman, J.), entered October 24, 2001, denying plaintiff's motion for summary judgment, and, inter alia, granted the motion, unanimously affirmed, without costs.

Plaintiff submitted a claim to defendant for orthopedic services it provided to its assignor from November 4, 1998 to February 8, 1999. More than 30 days later, and after plaintiff had commenced the instant action alleging that defendant had neither paid nor denied the claim within 30 days as required by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3), defendant rejected a portion of the claim, explaining that it had previously denied all further orthopedic benefits effective January 26, 1999, and that it was accordingly denying the claim insofar as it sought benefits for services provided after that date. It appears that on January 19, 1999, defendant had sent plaintiff's assignor a denial of claim form advising that all further orthopedic benefits would be denied effective January 26, 1999, based on an independent medical examination showing no further need for treatment. Appellate Term rejected defendant's argument that the January 19, 1999 denial of claim form it had sent to plaintiff's assignor is imputable to plaintiff (citing *Atlantis Med. v Liberty Mut. Ins. Co.*, 2002 NY Slip Op 40043U [Dist Ct, Nassau County 2002], and held that defendant's failure to respond to plaintiff's claim within the statutory 30-day time limit precluded defendant from defending against the claim on the ground that any treatment after January 26, 1999 was unnecessary (citing *Presbyterian Hosp. v Maryland Cas. Co.*, 90 NY2d 274 [1997]; *Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d 195 [1997]; *Country-Wide Ins. Co. v Zablozki*, 257 AD2d 506 [1999], *lv denied* 93 NY2d 809 [1999]).

We hold that the No-Fault Law itself (Insurance Law art 51), and the regulations promulgated thereunder for settlement of claims (11 NYCRR 65.15), require that "When a provider of medical services [first] submits a claim as assignee of an insured, neither the statute nor the regulations contemplate the insurer simply sitting mute and failing to act upon the claim, silently and secretly relying upon an earlier [blanket] denial issued directly to the insured" (*Atlantis Med.*, 2002 NY Slip Op 40043U at *9; *see also Aurora Chiropractic, P.C. v Farm & Cas. Ins. Co. of Conn.*, 4 Misc 3d 1026 [A], 2004 NY Slip Op 51066[U], *2-3 [2004]; *compare Hospital for Joint Diseases v Allstate Ins. Co.*, 5 AD3d 441 [2d Dept 2004]). Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Williams, JJ. [*See* 196 Misc 2d 322.]