OPINION OF THE COURT
Ellen Gesmer, J.
Plaintiff brings this action to recover $1,791.73 under the No-Fault Law for MRIs that it allegedly performed on its assignor, *436 Olga Papirova. Defendant Travelers Insurance Company moves for summary judgment on the grounds that (1) plaintiff lacks standing to assert the claim because the doctor who performed the MRIs was an independent contractor on whose behalf the plaintiff may not submit a claim, and (2) the MRIs were not medically necessary. Plaintiff opposes the first claim on the grounds that defendant waived this argument by failing to raise it in a timely denial. Plaintiff opposes the second claim on the grounds that, since it is a radiology facility, it need not prove the medical necessity of the tests administered. For the reasons set forth below, the court grants defendant’s motion on the grounds that it has satisfactorily shown that the MRIs were not medically necessary.
The court’s function on a motion for summary judgment is issue finding rather than issue determination. (Brown v Achy, 9 AD3d 30, 33 n 2 [1st Dept 2004], citing Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957].) The movant must tender evidence, by proof in admissible form, to establish the cause of action “sufficiently to warrant the court as a matter of law in directing judgment” (see CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). “Failure to make such showing requires the denial of the motion, regardless of the sufficiency of the opposing papers.” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Vitiello v Mayrich Constr. Corp., 255 AD2d 182, 184 [1st Dept 1998].) Once the movant has offered sufficient proof to establish a prima facie case, “the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action.” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986].)
To establish its first argument, defendant points out that the MRIs were performed by Dr. Ravindra Ginde who, as plaintiff acknowledges, is an independent contractor and not an employee of plaintiff. Defendant then argues, based on an informal opinion of the Department of Insurance dated February 21, 2001, that plaintiff may not seek reimbursement for Dr. Ginde’s services since a professional medical corporation may only bill for services rendered by an employee. (See also Rockaway Blvd. Med. P.C. v Progressive Ins., 4 Misc 3d 444, 445 [Civ Ct, Queens County 2004].) However, since this defense does not assert either noncoverage or insurance fraud by the assignor, the defense is waived unless asserted in a timely denial. (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 202 [1997]; Presbyte *437 rian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 283 [1997]; A & S Med. P.C. v Allstate Ins. Co., 15 AD3d 170, 171 [1st Dept 2005]; Country-Wide Ins. Co. v Zablozki, 257 AD2d 506, 507 [1st Dept 1999]; A.B. Med. Servs. v CNA Ins. Co., 1 Misc 3d 137[A], 2004 NY Slip Op 50061[U] [App Term, 1st Dept 2004].) Since defendant did not raise this defense in its denial of plaintiffs claim, defendant waived the defense and the court may not grant summary judgment for defendant on this issue.
I now turn to defendant’s defense of lack of medical necessity, which defendant properly raised in a timely denial. Defendant supports its defense with the affirmed peer review report of Dr. Arthur Bernhang. (See A.B. Med. Servs, v CNA Ins. Co., 1 Misc 3d 137[A], 2004 NY Slip Op 50061[U] [App Term, 1st Dept 2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 139[A], 2004 NY Slip Op 50279[U], *1 [App Term, 2d & 11th Jud Dists 2004]; S&M Supply, Inc. v Allstate Ins. Co., 2003 NY Slip Op 51191[U] [App Term, 2d & 11th Jud Dists 2003].) Dr. Bernhang concluded that the MRIs performed on plaintiffs assignor were not medically necessary. He noted that Ms. Papirova was pregnant at the time of the motor vehicle accident on January 25, 2002. He further pointed out that, when she was examined on February 13, 2002, Dr. St. Hill, the examining doctor, had recommended that her spine should be x-rayed after she gave birth. Dr. Bernhang found that, contrary to the recommendation, Ms. Papirova did not undergo spinal x-rays after she gave birth. He also noted that she did not have a neurological examination after she gave birth, which would have indicated whether the neurological symptoms found by Dr. St. Hill were attributable to the pregnancy or to the accident. Absent x-rays and a follow-up neurological exam, Dr. Bernhang found that the MRIs were not medically necessary. This finding is sufficient to shift the burden to plaintiff to show that the MRIs were in fact medically necessary. (Alvarez v Prospect Hosp., 68 NY2d at 324.) If plaintiff fails to meet its burden, defendant’s proof may entitle it to summary judgment in its favor. (Damadian MRI in Elmhurst v Liberty Mut. Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51700[U] [App Term, 2d & 11th Jud Dists 2003].)
In response, plaintiff has not submitted any documentation in admissible form (or indeed, any documentation at all) to establish that the services rendered were medically necessary. Instead, plaintiff relies on the decision in West Tremont Med. Diagnostics, P.C. v GEICO (8 Misc 3d 423 [Civ Ct, Richmond County, McMahon, J.]) to support its argument that it cannot *438 be deprived of compensation, even if the insurer establishes that the services performed were not medically necessary, because, as a radiological facility, plaintiff “merely fills referrals.” Respectfully, the court disagrees with the conclusion in West Tremont Med. and rejects plaintiffs argument.
Under the No-Fault Law, individuals are entitled to be compensated for “basic economic loss” resulting from injuries caused by the operation of a motor vehicle. (Insurance Law § 5101 et seq.) “Basic economic loss” is defined to include “all necessary expenses” for medical services. (Insurance Law § 5102 [a] [1]; 11 NYCRR 65-1.1.) Consistent with that, when a claimant, or its assignee, makes a claim, an insurer may deny it on the grounds that the services rendered are not medically necessary. (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d at 202; Country-Wide Ins. Co. v Zablozki, 257 AD2d at 507; A.B. Med. Servs, v CNA Ins. Co., 1 Misc 3d 137[A], 2004 NY Slip Op 50061[U], *1; Damadian MRI in Elmhurst v Liberty Mut. Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51700[U].) Neither the statute, the regulations nor the courts have recognized any exception to this requirement, apart from West Tremont. Consequently, apart from that decision, there is no support for the proposition that a medical provider may be reimbursed for a service which is not medically necessary, and that MRIs, or any other form of medical treatment, are exempt from the requirement that they be medically necessary in order to be eligible for reimbursement.
In West Tremont, which was decided after trial, the court found that the defendant’s expert testified unequivocally that “the MRIs were performed unnecessarily.” (West Tremont at 425.) Notwithstanding that finding, the court held that defendant had not met its burden of proof to establish that the MRIs were medically unnecessary. In reaching this anomalous conclusion, the court cited the testimony of defendant’s expert who testified that plaintiff diagnostic center was “not the entity that determines what test is necessary for the patient to undergo.” (Id. at 427.) The court then went on to hold that the defense of medical necessity “should not be available” against the plaintiff since it “does not make an independent medical evaluation of the patient.” (Id.) The court held that this result is consistent with “the purpose and intent of the Insurance Law no-fault benefits *439 statute which is expedient payment of benefits to automobile accident victims.” (Id.) This court respectfully disagrees with this result.
In reaching its conclusion, the West Tremont court violated two fundamental rules of statutory construction. First, “[w]here words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 76.) When construing statutes, the court’s job is to ascertain and give effect to the legislative intent, but the “intention of the Legislature is first to be sought from a literal reading of the act itself.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [b].) The no-fault statute is clear and unambiguous: claimants may only be reimbursed for “necessary” medical services. (Insurance Law § 5102 [a] [1].) In light of the clarity of the statute, “there is no occasion to resort to other means of interpretation.” (Di Marco v Hudson Val. Blood Servs., 147 AD2d 156, 158 [1st Dept 1989]; Roth v Michelson, 55 NY2d 278, 283 [1982] [statute to be interpreted literally, in the absence of ambiguity]; People v Ayala, 142 AD2d 147, 161 [2d Dept 1988] [explanation is superfluous in the absence of ambiguity].) Therefore, the West Tremont court had no reason to look to legislative history or the legislative purpose to interpret the statute. It should have simply recognized that the defense of medical necessity is available against all medical providers.
Secondly, the West Tremont decision discusses only one aspect of the statutory purposes and ignores the rest. While it is true that the No-Fault Law was adopted in order to expedite the processing of claims, the prevention of fraud and “widespread abuse” was also a major concern. (Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 862 [2003].) To permit medical providers to receive reimbursement even when the insurer has proven that the service provided was not medically necessary would encourage fraud, rather than combat it. Thus, this construction would cause “objectionable results” in violation of the court’s obligation to avoid results which would cause “injustice, mischief, or absurdity.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 141.) In fact, the construction urged by plaintiff would require insurers to pay for MRIs of the entire spine when the insured suffered a broken toe, or for full body scans for broken arms; indeed, insurers would have to pay for all radiological testing, no matter how unrelated to the insured’s *440 injuries. Plaintiffs analysis would also require insurers to pay for all medical supplies, since medical suppliers, like radiology facilities, do not “make an independent medical evaluation of the patient.” This result would be absurd and in total derogation of the statute.
At oral argument, plaintiffs counsel argued that requiring radiology providers to rebut a showing of lack of medical necessity would place an impossible burden on them. The court disagrees. At worst, the problem is one of cost rather than impossibility; the provider is free to retain a doctor to submit an affirmation as to the medical necessity of the treatment rendered. Moreover, having recognized the problem, there are a variety of ways in which a radiology facility could protect itself. For example, it might require an affidavit of medical necessity from the referring doctor, in addition to a prescription, as a condition for accepting an assignment of benefits from the patient. But given the clarity and lack of ambiguity in the statute, the problem, if there is one, cannot be solved by the courts, since it is our obligation simply to enforce the plain language of the statute.
For these reasons, the court refuses to follow the holding in West Tremont. Instead, the court will follow the well-established rule that the failure of the medical facility to rebut the insurer’s showing that the service provided was not medically necessary requires denial of reimbursement. (Alvarez v Prospect Hosp., 68 NY2d at 324; A.B. Med. Servs. v New York Cent. Mut. Fire Ins. Co., 3 Misc 3d 136[A], 2004 NY Slip Op 50507[U], *2 [App Term, 2d & 11th Jud Dists]; A.B. Med. Servs., PLLC v State Farm Mut. Auto. Ins. Co., 7 Misc 3d 822, 825 [Civ Ct, Kings County 2005].)
Accordingly, defendant’s motion for summary judgment is granted.