OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
*9 In this action to recover assigned first-party no-fault benefits, plaintiff established a prima facie entitlement to summary judgment by proof that it submitted the claims, setting forth the fact and the amount of the loss sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]; Damadian MRI in Elmhurst v Liberty Mut. Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51700[U] [App Term, 9th & 10th Jud Dists 2003]). In opposition to plaintiffs motion, defendant argued that it properly denied plaintiffs claims on the ground of nonattendance by plaintiffs assignor at scheduled independent medical examinations (IMEs).
Where
“an insurer timely asserts in its claim denial form an injured person’s failure to comply with a reasonable and proper preclaim IME request, and establishes such failure in admissible form in opposition to a plaintiffs motion for summary judgment, the presumption of medical necessity which attaches to the claim form is rebutted . . . and such proof defeats the motion” (Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 7 Misc 3d 18, 22 [App Term, 2d & 11th Jud Dists 2004]; see also S&M Supply Inc. v Peerless Ins. Co., 6 Misc 3d 127[A], 2004 NY Slip Op 51683[U] [App Term, 2d & 11th Jud Dists 2004]).
In the instant case, defendant’s submissions in opposition to plaintiff’s motion, including the affidavit of its no-fault examiner, were insufficient to establish that the denial of claim forms were timely mailed within 30 days after receipt of plaintiffs claims (see Hospital for Joint Diseases v Nationwide Mut. Ins. Co., 284 AD2d 374 [2001]; Contemp. Med. Diag. & Treatment, P.C. v Government Empls. Ins. Co., 6 Misc 3d 137[A], 2005 NY Slip Op 50254[U] [App Term, 2d & 11th Jud Dists 2005]). Accordingly, defendant is precluded from asserting its defense of nonattendance at scheduled preclaim IMEs (see Care-plus Med. Supply Inc. v General Assur. Co., 7 Misc 3d 126[A], 2005 NY Slip Op 50429[U] [App Term, 9th & 10th Jud Dists 2005]).
Even assuming that defendant timely denied the claims, the affidavit of the defendant’s claims examiner was inadequate to *10 establish proper mailing of the IME requests since there was no allegation by one with personal knowledge that the IME requests were mailed. Nor did the affidavit contain a description of standard office mailing procedure so as to give rise to the presumption of mailing (see Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564 [2005]; Hospital for Joint Diseases v Nationwide Mut. Ins. Co., 284 AD2d 374 [2001], supra; Care-plus Med. Supply Inc. v General Assur. Co., 7 Misc 3d 126[A], 2005 NY Slip Op 50429[U] [2005], supra; Contemp. Med. Diag. & Treatment, P.C. v Government Empls. Ins. Co., 6 Misc 3d 137[A], 2005 NY Slip Op 50254[U] [2005], supra).
We note that the court below determined that defendant’s denial of claim forms, which were issued subsequent to the receipt of plaintiffs claims, were “based on an earlier, blanket denial of benefits for failure of plaintiffs assignor to submit to independent medical examinations, a denial it made before plaintiff ever submitted the instant claim.” The court then went on to state that “blanket disclaimers covering subsequent claims are impermissible,” citing A&S Med. v Allstate Ins. Co. (196 Misc 2d 322 [App Term, 1st Dept 2003], affd 15 AD3d 170 [2005]).
The court properly determined that defendant’s denial of claim forms which preceded its receipt of the instant claims did not constitute valid denials of no-fault benefits. The insurance regulations provide that an insurer must either pay or deny the claim “within 30 calendar days after proof of claim is received” (11 NYCRR 65-3.8 [c]). Further, “[n]o-fault benefits are overdue if not paid within 30 calendar days after the insurer receives proof of claim, which shall include verification of all of the relevant information requested” pursuant to the verification rules (11 NYCRR 65-3.8 [a] [1]). The regulations further provide that “an insurer shall not issue a denial of claim form (NYS form NF-10) prior to its receipt of verification of all of the relevant information requested pursuant to section 65-3.5” (11 NYCRR 65-3.8 [b] [3]).
Pursuant to the insurance regulations, an essential predicate for an insurer’s denial of a claim is the receipt of a proper proof of claim. Accordingly, defendant’s blanket general denial of claim forms which were issued by the defendant prior to its receipt of the plaintiffs claims for no-fault benefits do not constitute a valid denial of no-fault benefits for said claims (see A&S Med. v Allstate Ins. Co., 196 Misc 2d 322 [2003], affd 15 AD3d 170 [2005], supra; cf. New York Hosp. Med. Ctr. of Queens *11 v Country-Wide Ins. Co., 295 AD2d 583 [2002]). These denial of claim forms were, in any event, also fatally defective since they omitted numerous items of requested information, and were thus incomplete (Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564 [2005], supra; Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664 [2004]).
In the instant case, however, defendant issued denials subsequent to the receipt of plaintiffs claims. Contrary to the determination of the court below, said denials were not “based” on the earlier disclaimers, but rather, clearly and independently indicated that they were based on the assignor’s failure to appear for preclaim IMEs. Thus, to the extent that the court below granted plaintiffs motion on the ground that the denials were improper, it was error. Nonetheless, plaintiff’s motion was properly granted for the reasons stated above.
We further note that defendant’s challenge to plaintiffs prima facie case on the ground that the assignment was not authenticated is without merit. The lack of authentication of an assignor’s signature, in and of itself, does not constitute a defect in the absence of any statutory and regulatory requirement for the same (A.B. Med. Servs. PLLC v Nationwide Mut. Ins. Co., 6 Misc 3d 70 [App Term, 2d & 11th Jud Dists 2004]). Even assuming arguendo that a lack of authentication constitutes a cognizable defect, defendant’s failure to seek verification of the assignments, or to allege any deficiency in the assignments in a timely denial of claim form, would constitute a waiver of any defenses with respect thereto (see id.; New York Hosp. Med. Ctr. of Queens v New York Cent. Mut. Fire Ins. Co., 8 AD3d 640 [2004]; Presbyterian Hosp. in City of N.Y. v Aetna Cas. & Sur. Co., 233 AD2d 433 [1996]; Park Health Ctr. v Eveready Ins. Co., 2001 NY Slip Op 40665[U] [App Term, 2d & 11th Jud Dists 2001]).
Rudolph, EJ., McCabe and Covello, JJ., concur.