OPINION OF THE COURT
Andrew M. Engel, J.
The plaintiff commenced this action on or about July 15, 2002 seeking to recover $1,791.16, plus interest and counsel fees, in no-fault first-party benefits for services allegedly provided to its assignor, which remained unpaid by the defendant. Issue was joined on or about August 2, 2002. The defendant now moves for summary judgment against the plaintiff, dismissing the complaint. The plaintiff opposes this motion and cross-moves for summary judgment, requesting the entry of a judgment for the amount demanded in the complaint, or in the alternative, a declaration as to the sufficiency of the plaintiffs prima facie case, the dismissal of the defendant’s affirmative defenses and the imposition of sanctions against the defendant. The defendant opposes the cross motion.
The parties do not dispute the following essential facts of this claim: The plaintiff performed MRIs of its assignor’s cervical and lumbar spine on January 4, 2002. The plaintiff submitted its bill for these services, dated April 5, 2002, in the total sum of $1,791.16, to the defendant, which received same on April 11, 2002. On April 24, 2002 defendant sent a verification request to the plaintiff and the plaintiffs assignor seeking records from Mark Heyligers, D.C., the referring chiropractor. On May 28, 2002, not having received the requested records within 30 days, the defendant sent a follow-up verification request to the plaintiff and the assignor. The requested verification information was received by the defendant on June 5, 2002. On July 1, 2002 the defendant made a partial payment in the sum of $1,571.24 and denied the balance of the plaintiff’s claim, *853 $219.92, asserting that the fees charged for the MRIs in question were in excess of the workers’ compensation fee schedule.[1]
Defendant’s Motion
In support of its motion for summary judgment, the defendant argues that the plaintiff improperly billed 100% for both the cervical and lumbar MRIs. According to the defendant, the plaintiff was required to charge the same fee for MRIs as is called for in the workers’ compensation fee schedule, ground rule 3b, for diagnostic X ray procedures to two remote parts of the body, which calls for the payment of 100% of the greater single X ray fee charged and 75% of the lesser X ray fee. Applying this fee schedule for such X rays to MRIs the defendant alleges that it has paid the plaintiffs claim in full, requiring dismissal of the complaint.
In opposition to the defendant’s motion the plaintiff initially argues that although the defendant’s denial of claim was received within 30 days of the defendant’s receipt of the requested verification information, the denial was nevertheless untimely. The plaintiff accuses the defendant of
“us[ing] the verification protocols to delay payment of the claim, and than [sic] once it determined the services were medically necessary, sought out a different basis to refuse payment. The verification requests do not extend the time in which the defendant has to deny the claim unless the defendant bases its denial on the requested verification.” (Hayes affirmation, Apr. 2, 2008.)[2]
The plaintiff further posits that “a failure by the insurer to issue a denial when it is in possession of the necessary information serves as a waiver of any right to deny a claim based on such information.” (Hayes affirmation, Apr. 2, 2008.) The plaintiff does not cite any case law or regulation that supports either of these propositions. The controlling regulations and case law are, in fact, contrary to the plaintiffs argument.
*854 The Insurance Department regulations in effect at the time the claim herein arose provided, in pertinent part, “[w]ithin 30 calendar days after proof of claim is received, the insurer shall either pay or deny the claim in whole or in part” (11 NYCRR former 65.15 [g] [3]). Insurance Law § 5106 (a) similarly provided that no-fault first-party “benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained.” (See New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., 5 AD3d 568 [2d Dept 2004].) The regulations further provided that this 30-day period may be extended by the insurer’s timely demand for verification of the plaintiffs claim (see 11 NYCRR former 65.15 [d], [e]), and “Mo-fault benefits are overdue if not paid within 30 calendar days after the insurer receives verification of all of the relevant information requested pursuant to subdivision (d) of this section.” (See 11 NYCRR former 65.15 [g] [1] [i]; Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 262 AD2d 553 [2d Dept 1999].) Moreover, “an insurer is not obligated to pay or deny a claim until all demanded verification is provided.” (Hospital for Joint Diseases v New York Cent. Mut. Fire Ins. Co., 44 AD3d 903, 904 [2d Dept 2007] [citations omitted]; see also New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., supra; Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., supra; Mount Sinai Hosp. v Chubb Group of Ins. Cos., 43 AD3d 889 [2d Dept 2007]; Nyack Hosp. v General Motors Acceptance Corp., 27 AD3d 96 [2d Dept 2005].) In fact, 11 NYCRR former 65.15 (g) (2) (iii) specifically provided that “an insurer shall not issue a denial of claim form (NYS Form N-F 10) prior to its receipt of verification of all of the relevant information requested pursuant to subdivision (d) of this section (e.g., medical reports, wage verification, etc.)” (see New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co., 295 AD2d 583 [2d Dept 2002] ; Summit Psychological, P.C. v General Assur. Co., 9 Misc 3d 8 [App Term, 9th & 10th Jud Dists 2005]; Shtarkman v Allstate Ins. Co., 8 Misc 3d 129[A], 2005 NY Slip Op 51028[U] [App Term, 2d & 11th Jud Dists 2005]), and if the defendant had issued a denial, on the basis of an alleged fee schedule violation, without asserting the defense of lack of medical necessity, before the requested medical records were received, the defendant would have been deemed to have waived a possible defense of lack of medical necessity. (S & M Supply Inc. v Allstate Ins. Co., 2003 NY Slip Op 51191[U] [App Term, 2d & 11th Jud Dists 2003] .)
*855 The clear prohibition against issuing a denial of claim before all demanded verification information is received notwithstanding, the relevance of the medical records sought by the defendant before issuing its denial is patent. “Defendant is not required to provide a blank checkbook to plaintiff. Rather, defendant is entitled to find out whether and why each MRI was prescribed; in other words, the carrier is entitled to inquire as to the medical necessity before it pays the bills.” (Lenox Hill Radiology & MIA P.C. v Global Liberty Ins., 20 Misc 3d 434, 438 [Civ Ct, NY County 2008].) Given the nature of the defendant’s fee schedule defense, that it is only obligated to pay 100% of the more expensive MRI and 75% of the less expensive MRI, this issue would not arise if the defendant was of the opinion that one or both MRIs were not medically necessary. It is only after receiving the requested medical verification that the defendant was able to determine that the MRIs were medically necessary and the fees it believed it was then obligated to pay.
Alternatively, the plaintiff argues that the defendant has failed to submit proper proof in admissible form that plaintiffs bills were in excess of the appropriate workers’ compensation fee schedule. On this score, the plaintiff is correct.
To prevail, the movant must first make a showing of entitlement to judgment, as a matter of law (Bank of N.Y. v Granat, 197 AD2d 653 [2d Dept 1993]), tendering evidentiary proof in admissible form. (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979].) It is only thereafter incumbent upon the party opposing summary judgment to “demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure so to do.” (Zuckerman v City of New York, 49 NY2d 557, 560 [1980].) The movant’s failure to make such a showing, regardless of the sufficiency of opposing papers, mandates the denial of a summary judgment motion. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985].)
In support of its motion, the defendant relies upon the affirmation of counsel, which is of no probative value (Zuckerman v City of New York, supra; Morissaint v Raemar Corp., 271 AD2d 586 [2d Dept 2000]; Citibank v Joffe, 265 AD2d 291 [2d Dept 1999]), the conclusory statement of one of its Litigation Examiners to the effect that the appropriate fee “[f]or multiple diagnostic x-ray procedures: for two remote parts, the charge shall be the greater fee plus 75% of the lesser fee” (Chase affidavit, Nov. 28, 2007, 1Í 2), and the decision of Honorable Denny *856 Chin, from the United States District Court for the Southern District of New York, in Brentwoood Pain & Rehabilitation Servs., P.C. v Allstate Ins. Co. (508 F Supp 2d 278 [1997]), holding that the fees charged for MRIs by no-fault first-party benefits providers shall be in accordance with the workers’ compensation fee schedule, ground rule 3b, for diagnostic X ray procedures to two remote parts of the body.
The defendant’s reliance on Judge Chin’s decision is misplaced. “Federal case law is at best persuasive in the absence of state authority; it is largely irrelevant to a peculiarly local question . . . .” (Cox v Microsoft Corp., 290 AD2d 206, 207 [1st Dept 2002].) A determination by the federal court, “while entitled to great weight, is not binding on this court.” (New York R.T. Corp. v City of New York, 275 NY 258, 265 [1937] affd 303 US 573 [1938]; see also People v Kin Kan, 78 NY2d 54 [1991]; Walker v Walker, 51 AD2d 1029 [2d Dept 1976]; People v Weiner, 63 AD2d 722 [2d Dept 1978].) Nor is Judge Chin’s decision entitled to preclusive effect, pursuant to the doctrine of collateral estoppel, as the plaintiff was neither a party nor in privity with a party to that proceeding. (Ryan v New York Tel. Co., 62 NY2d 494 [1984]; see also Matter of Hee K. Choi v State of New York, 74 NY2d 933 [1989]; G. Rama Constr. Enters., Inc. v 80-82 Guernsey St. Assoc., LLC, 43 AD3d 863 [2d Dept 2007].)
While Judge Chin’s decision might ultimately prove to be correct, the defendant herein has failed to provide the court with any proof in admissible form which supports its fee schedule theory. This court notes that before Brentwoood Pain & Rehabilitation Servs., PC. v Allstate Ins. Co. was removed to the federal court, Justice Joan A. Madden, sitting in the Supreme Court of New York State, New York County, denied a defense motion to dismiss on the same grounds now asserted by the defendant herein. In refusing to give Justice Madden’s decision preclusive effect, under the doctrine of law of the case, Judge Chin noted, inter alia, that Justice Madden “did not have the benefit of the additional letters that have been submitted to this Court.” (Brentwoood Pain & Rehabilitation Servs., PC. v Allstate Ins. Co. at 289.) This court presently finds itself in the same position as Justice Madden.
Having failed to “proffer sufficient evidence to establish as a matter of law that [plaintiffs] claims reflected the incorrect amount for the services provided . . . the court . . . denie[s] defendant’s motion for summary judgment.” (Triboro Chiropractic & Acupuncture, PLLC v New York Cent. Mut. Fire Ins. *857 Co., 15 Misc 3d 145[A], 2007 NY Slip Op 51175[U], *2 [App Term, 2d & 11th Jud Dists 2007].)
Plaintiffs Motion
The plaintiff will establish “a prima facie showing of [its] entitlement to judgment as a matter of law by submitting evidentiary proof that the prescribed statutory billing forms had been mailed and received, and that payment of no-fault benefits was overdue.” (Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742, 742-743 [2d Dept 2004] [emphasis added; citations omitted]; see also A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co., 39 AD3d 779 [2d Dept 2007]; Westchester Med. Ctr. v AIG, Inc., 36 AD3d 900 [2d Dept 2007]; New York & Presbyt. Hosp. v American Tr. Ins. Co., 45 AD3d 822 [2d Dept 2007].) Benefits are overdue “if not paid within 30 calendar days after the insurer receives verification of all of the relevant information requested pursuant to subdivision (d) of this section.” (11 NYCRR former 65.15 [g] [1] [i]; see also Insurance Law § 5106 [a]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 278 [1997]; Fair Price Med. Supply Corp. v Travelers Indem. Co., 42 AD3d 277 [2d Dept 2007]; New York & Presbyt. Hosp. v Selective Ins. Co. of Am., 43 AD3d 1019 [2d Dept 2007].) Plaintiffs prima facie case does not require a showing that the fees it charged were in accordance with the workers’ compensation fee schedule. (AVA Acupuncture, PC. v GEICO Gen. Ins. Co., 17 Misc 3d 41 [App Term, 2d & 11th Jud Dists 2007].) Plaintiffs prima facie case does require that a proper business record foundation be laid (see Dan Med., P.C. v New York Cent. Mut. Fire Ins. Co., 14 Misc 3d 44 [App Term, 2d & 11th Jud Dists 2006]; Fortune Med., P.C. v Allstate Ins. Co., 14 Misc 3d 136[A], 2007 NY Slip Op 50243[U] [App Term, 9th & 10th Jud Dists 2007]; Ontario Med., P.C. v Sea Side Med., P.C., 15 Misc 3d 129[A], 2007 NY Slip Op 50609[U] [App Term, 9th & 10th Jud Dists 2007]; VS. Med. Servs., P.C. v One Beacon Ins., 14 Misc 3d 142[A], 2007 NY Slip Op 50369[U] [App Term, 2d & 11th Jud Dists 2007]) for the admission of the “properly completed claim form, which suffices on its face to establish the ‘particulars of the nature and extent of the injuries and [health benefits] received and contemplated’ (11 NYCRR 65-1.1), and the ‘proof of the fact and amount of loss sustained’ (Insurance Law § 5106[a]).” (Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U], *2 [App Term, 2d & 11th Jud Dists 2003]; Damadian MRI in Elmhurst v Liberty Mut. *858 Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51700[U] [App Term, 9th & 10th Jud Dists 2003].)
“[T]o the extent defendant insurer issued denial of claim forms or admitted receipt of plaintiffs claim forms, . . . said admissions were not concessions of the facts asserted in plaintiffs claim forms, and it was plaintiffs burden to proffer such evidence in admissible form (Midborough Acupuncture, P.C. v New York Cent. Mut. Fire Ins. Co., 13 Misc 3d 132 [A], 2006 NY Slip Op 51879[U] [App Term, 2d & 11th Jud Dists 2006]).” (Bajaj v General Assur., 18 Misc 3d 25, 28 [App Term, 2d & 11th Jud Dists 2007.)
Distinguished from the case sub judice is the circumstance where the defendant pays the claim in full after litigation is commenced and the only issues remaining are the amount of interest and/or attorney’s fees to be paid. In such a case, a plaintiffs failure to lay a proper business record foundation for the admission of its claim form will be overlooked. (Delta Diagnostic Radiology, P.C. v Progressive Cas. Ins. Co., 18 Misc 3d 128[A], 2007 NY Slip Op 52453[U] [App Term, 2d & 11th Jud Dists 2007].)
As previously indicated, the defendant herein concedes, both in its denial of claim form and in its motion papers, that the plaintiffs claim was timely received. These admissions cure any defect which may exist in the plaintiffs proof of mailing. (Prestige Med. & Surgical Supply, Inc. v Clarendon Natl. Ins. Co., 13 Misc 3d 127[A], 2006 NY Slip Op 51672[U] [App Term, 2d & 11th Jud Dists 2006]; Magnezit Med. Care, P.C. v New York Cent. Mut. Fire Ins. Co., 12 Misc 3d 144[A], 2006 NY Slip Op 51434[U] [App Term, 2d & 11th Jud Dists 2006].) The parties also agree that $219.92 of that claim remains unpaid. The plaintiff, however, has failed to lay a proper business record foundation for the admission of its claim form.
The plaintiff attempts to lay this foundation through the affidavit of Nicole Simeona, who advises the court that she is “employed by plaintiffs counsel” (Simeona affidavit, Apr. 3, 2008), not by the plaintiff. Ms. Simeona further avers that she is “intimately familiar with the administration of all aspects of the collection department.” (Simeona affidavit, Apr. 3, 2008.) She does not indicate whose collection department, the plaintiffs or her employer’s. Moreover, nowhere does Ms. Simeona allege that she has any knowledge of the plaintiffs record keeping practices and the creation of the plaintiffs claim form.
*859 Accordingly, those branches of the plaintiff’s cross motion which seek summary judgment, or in the alternative, partial summary judgment, are denied.
That branch of the plaintiffs cross motion which seeks an order dismissing the defendant’s affirmative defenses is granted to the extent of dismissing the defendant’s second and third affirmative defenses, alleging lack of medical necessity and failure to comply with policy conditions, respectively. The defense of lack of medical necessity was waived by the defendant’s failure to issue a timely denial of claim asserting such defense. (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997]; Presbyterian Hosp. in City of N.Y. v Maryland Cos. Co., 90 NY2d 274 [1997].) Additionally, both the second and third affirmative defenses merely plead conclusions of law and fail to allege any facts. (See Plemmenou v Arvanitakis, 39 AD3d 612 [2d Dept 2007]; Petracca v Petracca, 305 AD2d 566 [2d Dept 2003]; Staten Is.-Arlington, Inc. v Wilpon, 251 AD2d 650 [2d Dept 1998].) The defendant’s remaining affirmative defenses relate to the defendant’s claim that it paid the plaintiff, in full, pursuant to the appropriate workers’ compensation fee schedule.
Finally, that branch of the plaintiffs motion which seeks the imposition of sanctions against the defendant, pursuant to 22 NYCRR 130-1.1, for alleged frivolous conduct, is denied. “People who live in glass houses should not throw stones.”

. While the plaintiff’s papers in opposition to the defendant’s motion question the defendant’s proof of service of the defendant’s verification requests and denial, at oral argument the plaintiff conceded the timeliness and receipt of the defendant’s verification requests, as well as the fact that the defendant issued its denial within 30 days of its receipt of the requested verification information. For this reason, the court will not address the defendant’s proof of service of the verification requests or the denial.

. The plaintiff has failed to number either the paragraphs or pages of the papers it submits on this motion.