█ In the Matter of Allstate Insurance Company, Appellant, v Daniel Wilen, Respondent. [975 NYS2d 353]—

In a proceeding pursuant to CPLR article 75 to vacate the award of a master arbitrator dated June 6, 2012, which vacated an award of an arbitrator dated March 5, 2012, the petitioner appeals from an order of the Supreme Court, Nassau County (Jaeger, J.), entered October 1, 2012, which, inter alia, denied the petition and confirmed the master arbitrator's award.

Ordered that the order is affirmed, with costs.

"A master arbitrator is empowered to apply the law to a given set of facts even if his or her conclusion differs from that of the arbitrator" (*Matter of Empire Ins. Co. v Lam,* 273 AD2d 469, 470 [2000]). Contrary to the petitioner's contention, the Supreme Court properly determined that the master arbitrator did not exceed his powers. The master arbitrator properly vacated the arbitration award which, in light of the evidence, was "incorrect as a matter of law" (former 11 NYCRR 65.19 [a] [4]; *see* Insurance Law § 5106; *Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207 [1981]; *Matter of State Farm Ins. Co. v Spilotros,* 257 AD2d 577 [1999]).

The petitioner's remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.