Allstate Insurance Company, Petitioner-Appellant, 
against
Longevity Medical Supply, Inc., a/a/o Tessa Barton, Respondent-Respondent.



Petitioner appeals from an order and judgment of the Civil Court of the City of New York, New York County (Erika M. Edwards, J.), entered on or about December 14, 2016, which denied its petition to vacate a master arbitration award in favor of respondent, awarding it unpaid no-fault benefits in the principal sum of $1,080.00 and attorney's fees, and confirmed the master arbitration award.




Per Curiam.
Order and judgment (Erika M. Edwards, J.), entered on or about December 14, 2016, affirmed, with $25 costs.
Petitioner-insurer failed to demonstrate a ground pursuant to CPLR 7511 to vacate the master arbitrator's award. There was a rational basis, based on the no-fault regulations, for the master arbitrator's finding that respondent-medical provider's proof was sufficient to establish that (1) it responded to the verification demands sent by petitioner, and (2) that petitioner was therefore required, but failed, to rebut the presumption of receipt of the verification, or show that it timely acted upon receipt by paying or denying the claim, or seeking further verification. The master arbitrator's legal analysis of the arbitrator's determination was well within the scope of her authority to review and correct an error of law made by the arbitrator (see 11 NYCRR 65-4.10[a][4]; Matter of Smith [Firemen's Ins. Co.], 55 NY2d 224, 231 [1982]; Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 211 [1981]). Applying the law to a given set of facts is well within the province of a master arbitrator, even if the master arbitrator's conclusion differs from that of the arbitrator (see Martinez v Metropolitan Prop. & Liab. Ins. Co., 146 AD2d 610 [1989]).
We have considered petitioner's remaining arguments and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 22, 2018