BONNIE L. HOBBY, Respondent, v CNA INSURANCE COMPANY, Appellant. [700 NYS2d 346] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted plaintiff's motion for summary judgment compelling defendant, CNA Insurance Company (CNA), to pay outstanding medical bills pursuant to the no-fault provisions contained in plaintiff's motor vehicle insurance policy. CNA sought to discontinue plaintiff's insurance benefits on the ground that plaintiff had reached "maximum medical improvement", but there is no authority for that action under Insurance Law § 5102 (a) (1) or

that section's applicable regulations (see, 11 NYCRR 65.12, 65.15 [o]). Indeed, Insurance Law § 5102 (a) (1) provides up to $50,000 for "[a]ll necessary expenses" for medical treatment and "any other professional health services; all without limitation as to time, provided that within one year after the date of the accident causing the injury it is ascertainable that further expenses may be incurred as a result of the injury" (Insurance Law § 5102 [a] [1] [iv]). CNA's argument that "maximum medical improvement" has been accepted for several years as a basis for denial of no-fault benefits by arbitrators is not dispositive; courts are not bound by the decisions of arbitrators through the principle of stare decisis (see, McKinney's Cons Laws of NY, Book 1, Statutes § 72). We conclude that plaintiff met her initial burden by establishing that the disputed treatment continues to be necessary, and CNA failed to raise a triable issue of fact (see, Zuckerman v City of New York, 49 NY2d 557, 562). (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.