OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs and a new trial ordered.
*177 This is an action by a medical provider to recover no-fault benefits for medical services performed on the insured. The insured assigned her claim to the plaintiff. The assignment provides as follows:
“In consideration of services rendered or to be rendered, I hereby assign to the provider of services and/or his/her assignees so much of my first party no-fault automobile insurance benefits and rights, attendant thereto, as shall equal the full amount of the bill for such services and the provider or his assign may secure same in my name.
“I further understand if said sum is not collected, I remain personally liable therefor.”
The trial court dismissed the complaint on the ground that plaintiff has no standing to sue because the plaintiff assignee reserved its right to sue the assignor if it could not collect from the insurance company.
In our view, the fact that the assignment reserved the assignee’s right to collect the debt from the assignor if not collected from the insurance company did not invalidate the assignment. Travelers Insurance had written instructions from the assignor, Dor Vania, to pay her insurance benefits directly to the plaintiff and no claim is made that she had in any manner revoked or intended to revoke those instructions. Therefore, the authorization to pay no-fault benefits constitutes an assignment enabling the plaintiff health care provider to sue to recover the insurance proceeds applicable to the medical services provided (Gingold v State Farm Ins. Co., 168 Misc 2d 62; see also, Pain Resource Ctr. v Travelers Ins. Co., 185 Misc 2d 409).
Scholnick, P. J., Patterson and Golia, JJ., concur.