OPINION OF THE COURT
Edgar G. Walker, J.
Before the court are nine motions seeking the identical relief in nine separate actions. All of the actions are to recover the payment of medical fees pursuant to the New York State No-Fault Insurance Laws and applicable regulations. Government Employees Insurance Company is the defendant in all the actions. The plaintiffs are various medical providers all represented by the same law firm. Defendant seeks to compel the examination before trial of the plaintiffs where the *657 plaintiffs are the assignee medical providers in the actions. In opposition, the plaintiff has cross-moved for a protective order.
Generally, the trial court has broad discretion in granting or denying disclosure, although it must balance the needs of the party seeking discovery against such opposing interests as expedition and confidentiality. (Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs., 253 AD2d 8 [1999].) The test for disclosure is one of usefulness and reason. (Allen v Crowell-Collier Publ. Co., 21 NY2d 403 [1968].) Discovery should be allowed if the information sought is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable. (Id.) It is reasonable to assume that the plaintiff may have information that could help the defendant prepare its case.
In pursuit of its protective order the plaintiff cites Professor Siegel arguing that where the amount in controversy is small, disclosure should be limited. The court notes that in none of the cases covered by this decision, in which plaintiff has submitted the identical boiler plate papers, does the plaintiff allege the amount at issue or why plaintiff’s deposition would be unduly burdensome. While the court is aware that many no-fault cases involve claims in the low hundreds of dollars, all of the instant actions involve thousands and tens of thousands of dollars. Together with statutory interest and attorney’s fees that can more than double the amount of any judgment, these claims can hardly be considered minor in a court of limited jurisdiction such as this.
Plaintiff’s further argument that the issues involved in no-fault litigation are so simple so as to obviate the need for discovery is without basis. It appears from plaintiff’s papers that the issue in contention in all of these cases concerns the medical necessity for the treatment provided. This is far from a simple issue. Defendant, having itself determined that there was no medical necessity for such treatment, is certainly entitled to depose plaintiff to discover the basis upon which plaintiff determined that treatment was necessary.
Plaintiff incorrectly asserts that any examination of the plaintiff should have been conducted as an examination under oath. Under the prior 11 NYCRR 65-1.1, which is applicable to these actions, an examination under oath was not available. (Bronx Med. Servs. P.C. v Lumbermans Mut. Cas. Co., 2003 Slip Op 51022[U] [App Term, First Dept].) The new regulations may not be applied to these matters retroactively. (Id.) Whether the availability, as opposed to the actual taking, of an *658 examination under oath under the current regulations would require a different result in the future need not be decided on these motions.
Neither the CPLR nor the Civil Court Act provides any different procedures for no-fault claims. Plaintiff, having elected to proceed by way of litigation in the courts, must comply with CPLR article 31. In rejecting the expeditious and economical option of arbitration, plaintiff cannot now seek to use the rules of arbitration in the courts.
Defendant’s motion to dismiss the complaint is granted unless the plaintiff appears for an examination before trial within 90 days of service of this order with notice of entry. (CPLR 3126 [3].) Plaintiff’s cross motion for a protective order is denied.