OPINION OF THE COURT
Ellen Gesmer, J.
*186 Defendant has moved to dismiss plaintiffs complaint pursuant to CPLR 3126 because plaintiff failed to appear at an examination before trial (EBT) scheduled by defendant. Defendant’s motion is granted unless the plaintiff appears for an EBT under the terms set forth below.
Procedural History and Facts
In this action, plaintiff is seeking payment of first-party no-fault benefits for medical equipment provided by it to Leonie Joiles, who assigned to plaintiff her rights to no-fault benefits from defendant, her insurer.* The defendant timely denied payment, on the grounds of medical necessity, based on an independent medical peer review.
Plaintiff commenced this action on or about March 20, 2003. Simultaneously with the service of its answer on April 9, 2003, defendant served plaintiff with a demand for verified interrogatories and a notice to take deposition upon oral examination. The answers to the interrogatories were due 20 days later and the deposition was scheduled for June 18, 2003, more than 60 days later. At plaintiffs request, defendant rescheduled the deposition to August 26, 2003. Plaintiff failed to appear.
Analysis
Although the CPLR permits a party to utilize both written interrogatories and oral depositions in pretrial discovery, a party should generally complete one form of discovery before invoking another (Giffords Oil Co. v Spinogatti, 96 AD2d 851 [2d Dept 1983]; Samsung Am. v Yugoslav-Korean Consulting & Trading Co., 199 AD2d 48, 49 [1st Dept 1993]). Indeed, the Second Department has held that “the noticing of an oral deposition prior to reviewing the answers interposed to the interrogatories and without a determination of the necessity for further disclosure, verges on an abuse of the judicial system.” (Barouh Eaton Allen Corp. v International Bus. Machs. Corp., 76 AD2d 873, 874 [2d Dept 1980].) In this case, although the defendant noticed the deposition at the same time that it sent the demand *187 for interrogatories, it did not take any action to enforce its request for a deposition until well after receiving the interrogatories. Moreover, in support of its motion, defendant’s counsel affirmatively asserts that “the examination before trial of plaintiff is necessary and material in order to defend this action properly,” thus meeting the standard set by the Second Department for using a second discovery device (Katz v Posner, 23 AD2d 774, 775 [2d Dept 1965] [“If the device first chosen does not adequately disclose all evidence material and necessary to the prosecution or defense of the action (CPLR 3101), then the other available remedy may be utilized”]). Consequently, defendant has established a prima facie case that it is entitled to go forward with its deposition.
In opposition to defendant’s motion, plaintiff initially argues that it made a demand for verified interrogatories to which defendant did not respond. Plaintiff has failed, however, to show why defendant’s failure to respond to interrogatories would excuse its failure to attend a deposition or serve as a defense to a motion to compel. In any event, this argument is particularly weak because plaintiffs deposition was scheduled for August 26, 2003, well before the responses to plaintiffs demand for interrogatories were even due.
More substantially, plaintiff argues, relying on Ostia Med. v Government Empls. Ins. Co. (1 Misc 3d 907[A], 2003 NY Slip Op 51560[U] [Nassau Dist Ct 2003]) and Zlatnick v Government Empls. Ins. Co. (2 Misc 3d 347 [Civ Ct, Queens County 2003]), that defendant may not proceed with its deposition because it failed to advise plaintiff that its answers to defendant’s demand for verified interrogatories were “inadequate, incomplete or defective.” The court rejects this argument for several reasons.
First, unlike the plaintiff medical providers in Ostia and Zlatnick, the plaintiff in this case did not move for a protective order with regard to the deposition, pursuant to CPLR 3103, and still has not done so. While there is no absolute time limit for moving for a protective order, the court may imply a standard of reasonableness, especially where the time for the scheduled deposition has long passed (Philip v Monarch Knitting Mach. Corp., 169 AD2d 603 [1st Dept 1991]; see also Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3103:3). Plaintiff is in a particularly poor position to complain about being compelled to appear at the deposition since it took no action to object to the deposition either before it was scheduled or in the eight months since. While that would not *188 prevent plaintiff from opposing this motion, it would certainly have been the better practice for plaintiff to move for a protective order rather than to just ignore defendant’s deposition notice.
Secondly, this court disagrees with the rulings in Ostia and Zlatnick that the burden is on the defendant insurance company to justify its need for a deposition. Indeed, that conclusion seems inconsistent with the holding in Ostia that a medical provider which brings an action in Civil Court to obtain no-fault benefits has the same discovery obligations under article 31 of the CPLR as any other litigant (Ostia, 2003 NY Slip Op 51560[U], *12; see also Albatros Med. v Government Empls. Ins. Co., 196 Misc 2d 656 [Civ Ct, Queens County 2003]). As set forth above, the general rule is that if a litigant determines that the responses to interrogatories from the other side do “not adequately disclose all evidence material and necessary to the prosecution or defense of the action,” then it may utilize depositions or any other available remedy, without first seeking court permission (Katz v Posner, 23 AD2d at 775). If the other party moves for a protective order, it must then bear the burden of showing that the discovery sought is not necessary, consistent with the well-established principle that “the burden of demonstrating an immunity from discovery is on the party asserting the immunity.” (Westhampton Adult Home v National Union Fire Ins. Co., 105 AD2d 627, 628 [1st Dept 1984]; see also Koump v Smith, 25 NY2d 287, 294 [1969]; Mavrikis v Brooklyn Union Gas Co., 196 AD2d 689, 690 [1st Dept 1993]; Jarvis v Jarvis, 141 Misc 2d 404, 406 [Sup Ct, NY County 1988].) The decisions in Ostia and Zlatnick improperly shift the burden to the party seeking discovery to justify a request for discovery, rather than imposing the burden on the party seeking to avoid discovery to show that the discovery sought is not necessary. In this case, plaintiff has certainly not met its burden of showing that the discovery sought is not proper.
Third, even if the court were to find that the burden is on defendant to show that the discovery is justified, it would find that defendant had met its burden. First, defendant has shown that it made a timely denial based on medical necessity, so defendant has preserved issues on which discovery is appropriate (Presbyterian Hosp. v Maryland Cas. Co., 90 NY2d 274 [1997]; Ostia, 2003 NY Slip Op 51560[U], *11). Secondly, plaintiffs responses to defendant’s interrogatories are insufficient on their face for at least two reasons. As an initial matter, the responses *189 to the interrogatories were not verified, and they fail to identify the name and address of the individual responding to the interrogatories; rather, they state only that they were answered by the plaintiffs attorney. Consequently, as formulated, the interrogatories do not subject plaintiff or its principals to cross-examination, as would properly verified interrogatories. Finally, plaintiff fails to set forth any responses to the interrogatories concerning the medical necessity of the equipment provided. Since that is the crux of the issue in this case, defendant is entitled to conduct a deposition of plaintiff to obtain the information.
Conclusion
The nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who has disobeyed a court order is a matter within the discretion of the court (Jaffe v Hubbard, 299 AD2d 395, 396 [2d Dept 2002]). Although the court has rejected plaintiffs arguments, the court finds that plaintiff presented a good faith argument for its failure to attend the scheduled deposition. Accordingly, the court holds that the correct remedy in this case is to permit plaintiff an opportunity to appear for a deposition, subject to the penalty of dismissal of plaintiffs case if it fails to do so. The plaintiff shall appear for a deposition at a date, time and place to be agreed to between the parties, or, failing agreement, at 10:00 a.m. on June 14, 2004 at the courthouse located at 141 Livingston St., Brooklyn, New York. In the event that plaintiff does not appear for a deposition on the date agreed to by the parties or on the date set by the court, defendant may settle an order on notice, pursuant to 22 NYCRR 208.33, dismissing the action.

 The complaint does not allege that Ms. Joiles was injured in a car accident, which is an essential element of a claim under the No-Fault Law (Insurance Law § 5103). Accordingly, the court could dismiss the complaint sua sponte for failure to state a cause of action. The complaint refers to an annexed claim for payment, which was not attached to the copy of the complaint submitted with the moving papers. The claim for payment may have provided the missing information, since the denial of the claim refers to Ms. Joiles as the “injured person” and refers to an accident on May 18, 2000. Accordingly, the court will not dismiss the complaint, but cautions counsel to include the necessary allegations in their complaints.