■ LONG ISLAND RADIOLOGY, Respondent, v ALLSTATE INSURANCE COMPANY et al., Appellants. [830 NYS2d 192]—

In an action to recover assigned no-fault benefits for medical services rendered, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated June 7, 2006, as denied their motion for summary judgment on the issue of whether they may raise lack of medical necessity as a basis for denying claims for reimbursement to radiologists seeking payment for magnetic resonance imaging tests provided to no-fault patients pursuant to prescriptions, and granted that branch of the plaintiff's cross motion which was for summary judgment on that issue.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion for summary judgment on the issue of whether they may raise lack of medical necessity as a basis for denying claims for reimbursement to radiologists seeking payment for magnetic resonance imaging tests provided to no-fault patients pursuant to prescriptions is granted, and that branch of the plaintiff's cross motion which was for summary judgment on that issue is denied.

The plaintiff, the owner and operator of radiology facilities that perform magnetic resonance imaging tests (hereinafter MRIs), commenced this action against the defendants to recover assigned no-fault benefits for MRIs performed on patients injured in motor vehicle accidents pursuant to prescriptions issued by the patients' physicians and/or medical providers. The amended verified complaint alleges that the plaintiff performs MRIs on patients at the request of medical providers without making a diagnosis or performing a physical examination and that the defendants improperly deny many of these claims on the grounds of "lack of medical necessity." Following the joinder of issue, the defendants moved for summary judgment on the issue of whether they may raise lack of medical necessity as a basis to deny claims for reimbursement to radiologists seeking payment for MRIs provided to no-fault patients pursuant to prescriptions, and the plaintiff cross-moved, inter alia, for summary judgment on that issue. The Supreme Court denied the defendants' motion and granted that branch of the plaintiff's cross motion which was for a determination that the defense of lack of medical necessity is not available against radiologists performing MRIs pursuant to prescriptions because these radiologists do not assess medical necessity. We reverse.

New York's no-fault insurance law, formally known as the "Comprehensive Automobile Insurance Reparations Act" (Insurance Law art 51), was enacted with the objective of promoting prompt resolution of injury claims, limiting cost to consumers, and alleviating unnecessary burdens on the courts (*see*

*Pommells v Perez,* 4 NY3d 566, 571 [2005], citing Governor's Mem approving L 1973, ch 13, 1973 McKinney's Session Laws of NY, at 2335). The no-fault law thus provides a compromise: prompt payment for "basic economic loss" (Insurance Law § 5102 [a]) to injured persons regardless of fault, in exchange for a limitation on litigation to cases involving serious injury (*see Pommells v Perez, supra; Montgomery v Daniels,* 38 NY2d 41, 50-51 [1975]). The no-fault law defines "basic economic loss," for which accident victims are entitled to reimbursement up to $50,000, as "[a]ll *necessary* expenses incurred for: (i) medical, hospital . . . surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services" (Insurance Law § 5102 [a] [1] [emphasis added]). Like the statute, the regulations promulgated thereunder expressly state that reimbursable medical expenses consist of *"necessary* expenses" (11 NYCRR 65-1.1 [emphasis added]). An accident victim may assign his or her no-fault claim to a medical provider who has provided a medical service (*see* 11 NYCRR 65-3.11).

An assignee "stands in the shoes" of an assignor (*Arena Constr. Co. v Sackaris & Sons,* 282 AD2d 489 [2001]) and thus acquires no greater rights than its assignor (*see Dilon Med. Supply Corp. v Travelers Ins. Co.,* 7 Misc 3d 927 [2005]). Since the defense of lack of medical necessity may indisputably be raised by the defendants against the injured party, it is available as against radiologists who accept assignments of no-fault benefits (*see Hammelburger v Foursome Inn Corp.,* 54 NY2d 580, 586 [1981]; *Losner v Cashline, L.P.,* 303 AD2d 647, 648 [2003]; *West Tremont Med. Diagnostic, P.C. v GEICO,* 13 Misc 3d 131[A], 2006 NY Slip Op 51871[U] [2006]; *see also Precision Diagnostic Imaging, P.C. v Travelers Ins. Co.,* 8 Misc 3d 435 [2005]). Miller, J.P., Krausman, Fisher and Dillon, JJ., concur. [*See* 12 Misc 3d 1167(A), 2006 NY Slip Op 51090(U) (2006).]