OPINION OF THE COURT
Gary F. Knobel, J.
Motion by defendant for an order directing (1) plaintiff to produce for deposition “a person with personal knowledge of the justification and the necessity of the services rendered to plaintiff in this claim, along with the complete medical file for this patient within twenty days,” or (2) dismissing plaintiffs complaint for its willful failure to appear for depositions, is denied in its entirety.
The issue presented on this motion has apparently not been reported in official or unofficial reporters (see, Ostia Med. v Government Empls. Ins. Co., 1 Misc 3d 907[A], 2003 NY Slip Op 51560[U] [2003]; cf. Metropolitan Radiological Imaging v State Farm Mut. Auto. Ins. Co., 7 Misc 3d 675 [2005]): whether a radiological medical provider, who seeks to recover no-fault benefits provided to a patient/assignor based upon a referring physician’s prescription, must produce for its deposition an individual with personal knowledge of the medical necessity for the radiological scans or X-rays it performed. This court answers the question in the negative, and holds that the defendant’s remedy in this instance is to depose the patient/assignor’s nonparty referring, or treating, physician.
This is an action to recover first-party no-fault benefits by plaintiff, a diagnostic radiology company, for various services rendered to its assignor pursuant to a prescription given by the assignor’s treating physician. Plaintiff maintains that it *163 did not diagnose, treat or otherwise examine the patient/ assignor. The defendant denied plaintiff’s claim based upon a peer review doctor’s determination that the brain magnetic resonance imaging (MRI) scan performed on March 31, 2005, the lumbar MRI performed on May 5, 2005, the cervical MRI performed on May 10, 2005, and the right shoulder MRI performed on May 13, 2005 were not medically necessary (see, A.B. Med. Servs. PLLC v Nationwide Mut. Ins. Co., 7 Misc 3d 132[A], 2005 NY Slip Op 50605[U] [2005]).
Defendant contends that the plaintiff failed to comply with defendant’s “Notice To Take Deposition” dated July 24, 2006 which states in pertinent part
“that pursuant to CPLR Art. 31, the testimony upon oral examination of a person from plaintiff with firsthand knowledge of the services rendered and with firsthand knowledge of the justification for the services in this action, including but not limited to physicians, medical providers, office staff, billing manager, plaintiffs alleged assignor, and all other necessary persons as adverse parties will be taken before a Notary Public.”
The notice further states
“that said person to be examined is required to produce at the examination the following: Plaintiff’s complete no-fault file for this patient, including any and all papers, prescriptions, wholesale invoices, records, medical reports, X-rays, MRI films or any other form of photograph or films, as well as any physical examination reports or other documents that may be relevant to the issues of necessary of supplies or treatment rendered, in order to establish proof of claim.”
Plaintiffs explanation for not complying with defendant’s notice is that it did not have a physician, “with firsthand knowledge,” who could testify about the medical necessity to conduct the particular MRI scans on plaintiff’s assignor since the plaintiff did not, nor was it required to, conduct an independent medical examination of that person. In its opposition to the motion at bar, the plaintiff relies on Long Is. Radiology v Allstate Ins. Co. (12 Misc 3d 1167[A], 2006 NY Slip Op 51090[U], *5, revd 36 AD3d 763 [2007]), wherein the trial court stated that “[t]he prescription establishes medical necessity for the purpose of the radiologist.”
In support of its argument that its “Notice to Take Deposition” must be fully enforced, especially since the plaintiff did *164 not object until now, the defendant relies on the Civil Court, Queens County, case of Albatros Med. v Government Empls. Ins. Co. (196 Misc 2d 656, 657 [2003]), where the court held that the defendant insurance company is “entitled to depose plaintiff to discover the basis upon which plaintiff determined that treatment was necessary.” However, the plaintiff medical provider in Albatros was not a radiology facility but apparently the office of the assignor’s treating physicians. The defendant also relies on the Appellate Term, Second Department, decision in West Tremont Med. Diagnostic, P.C. v GEICO Ins. Co. (13 Misc 3d 131 [A], 2006 NY Slip Op 51871[U], *2), which held that “[w]here the defendant insurer presents sufficient evidence to establish a defense based upon the lack of medical necessity, the burden shifts to the plaintiff which must then present its own evidence of medical necessity . . . .” However, defendant’s reliance on West Tremont is misplaced since the Appellate Term was not concerned with the deposition of a plaintiff medical provider but with the shifting evidentiary burdens at trial pertaining to the issue of lack of medical necessity (see, James M. Ligouri Physician, P.C. v State Farm Mut. Auto Ins. Co., 15 Misc 3d 1103[A], 2007 NY Slip Op 50465[U]; Nir v Allstate Ins. Co., 7 Misc 3d 544 [2005]). Moreover, the Wesi Tremont court further held that the trial court or jury can accept or reject the defendant insurer’s defense of “no medical necessity,” whether contradicted or not by plaintiff.
The purpose of article 31 of the CPLR is to provide
“full disclosure of all [evidence] material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party or the officer, . . . agent or employee of a party . . . [and] any other person, upon notice stating the circumstances or reasons such disclosure is sought or required” (CPLR 3101 [a] [1], [4]).
“The words ‘material and necessary’ [have been held] to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; see, Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746 [2000].) Although the disclosure provisions of CPLR article 31 are to be construed liberally, the scope of permissible discovery is not unlimited since the trial court is invested with broad discretion to (a) supervise *165 discovery, to (b) limit or regulate, at any time on its own initiative, the use of any disclosure device in order to prevent abuse, prejudice or unreasonable annoyance, and to (c) determine what is “material and necessary” as that phrase is used in CPLR 3101 (a) (see, Auerbach v Klein, 30 AD3d 451, 452 [2006]; Smith v Moore, 31 AD3d 628 [2006]; Matter of Andrew Carothers, M.D., P.C. v Insurance Cos. Represented by Bruno, Gerbino & Soriano LLP, 13 Misc 3d 970, 974 [2006]; CPLR 3103 [a]).
Here the defendant has failed to establish, either through another discovery device or other evidence, that any of the plaintiff’s physicians or employees would be in the extraordinary position of possessing personal knowledge bearing on the defense that the MRI scans conducted on plaintiff’s assignor were not medically necessary (compare, Fronczak v Zizzi, 295 AD2d 985, 986 [2002]). The Appellate Division, Second Department, recently held that the defendant insurer is not precluded from asserting and proving this defense against radiologists who accept assignments of no-fault benefits (Long Is. Radiology v Allstate Ins. Co., 36 AD3d 763, 765 [2007]). The defendant’s more appropriate avenue to pursue in seeking discovery on this issue, is to seek the deposition of the nonparty physician who prescribed the various MRI scans. Here, the defendant’s “Notice to Take Deposition” is too broad since it directs the plaintiff to produce a person to contest the defense to be offered by the defendant insurer at the trial, regardless of whether that person is independent of, and not an employee or agent of, the plaintiff (see generally, Dutch Trading Corp. v Centennial Ins. Co., 39 AD2d 691 [1972]; Buy For Less Wine & Liqs. v Commercial Union Ins. Co., 63 AD2d 976 [1978]). The principle that the “assignee ‘stands in the shoes’ of an assignor” should not be construed to mean that it is the plaintiff radiologist’s burden to produce at its deposition the nonparty who might possess information on the medical necessity for the prescribed radiological imagings. The defendant’s notice also erroneously requires the plaintiff to produce records and reports of other persons and companies.
Accordingly, despite the fact that plaintiff failed to seek timely a protective order pursuant to CPLR 3103 or 3122, the defendant’s notice to take deposition is palpably improper and is stricken (see, Spancrete Northeast v Elite Assoc., 148 *166 AD2d 694, 695 1989]), without prejudice to the service of a proper notice that seeks the deposition of an individual with personal knowledge of plaintiff’s claims, and not the justification and necessity for the services rendered by plaintiff to its assignor.