*229 OPINION OF THE COURT
Katherine A. Moloney, J.
The plaintiff is seeking an order to compel disclosure pursuant to CPLR 3124. Plaintiffs motion is supported by the affirmation of Michael A. Cote, Esq., dated August 19, 2008, which alleges that the defendant has failed to disclose, despite due demand, all medical records relating to the scanned body parts as well as all independent medical examination reports of the assignor in this case. Plaintiffs motion is also accompanied by a memorandum of law dated August 19, 2008. The defendant has filed opposition to the motion to compel supported by the affirmation of James J. D’Ambrosio, Esq., dated September 17, 2008. The defendant alleges that the defendant has complied with the plaintiffs discovery demands in accordance with the law and that the plaintiff is seeking additional discovery for which it is not entitled. Defendant alleges that the information plaintiff seeks is irrelevant in assisting plaintiff to prove its prima facie case and irrelevant as to the defense of the case, for they are reports which cannot be used by the defendant at trial.
Now, upon reading the notice of motion, the supporting affirmation, the memorandum of law, the defendant’s opposition papers and the accompanying exhibits, and due deliberation having been held thereon, this court determines as follows:
Facts, Analysis and Determination
The plaintiff is a radiological medical provider who accepted no-fault assignment of benefits from the defendant’s insured and conducted diagnostic testing upon the insured. The plaintiff is seeking reimbursement for medical services provided by the diagnostic testing, and the defendant has denied reimbursement. On December 18, 2007, the plaintiff filed a summons and complaint seeking to recover reimbursement of the medical services in the amount of $1,263.37 provided to the defendant’s insured.
During the course of this lawsuit, on June 4, 2008, the plaintiff served upon the defendant a demand for discovery and inspection. More specifically, the plaintiff sought copies of all medical records received by the defendant regarding the assignor’s cervical and lumbar spine and copies of any no-fault medical examinations and peer review reports relating to said claim. Plaintiff claims that the defendant has refused to comply with said demands to date, and relies upon this court’s prior rulings in MD Imaging v GEICO, DRA Imaging v GEICO, and DRA Imaging v State Farm Ins. to support the instant motion.
*230 In response, the defendant opposes the motion on the basis that it has fully complied with the plaintiffs discovery demands as required by law and asks this court to reconsider its prior ruling as set forth in the three aforementioned cases. In support of this, defendant has delineated that its discovery responses to the plaintiff included a copy of the peer review and all of the documentation reviewed by the peer review doctor. (Defendant’s affirmation in opposition dated Sept. 17, 2008.) Moreover, defendant argues that the plaintiff is simply not entitled to receive the additional documentation or information it seeks because it is irrelevant to the prosecution and the defense of the action. Finally, defendant argues that plaintiff has failed to demonstrate its entitlement to receive the discovery it seeks. (D’Ambrosio affirmation dated Sept. 17, 2008.) More specifically defendant argues that plaintiff has failed to demonstrate that it is legally authorized (as an assignee) to obtain any of the assignor’s medical records, in that the plaintiff has failed to provide an assignment of benefits form or an authorization signed by the assignor establishing entitlement to said records. (D’Ambrosio affirmation dated Sept. 17, 2008.)
The Uniform City Court Act adopts for the city courts all of the disclosure procedures set forth in article 31 of the CPLR. (UCCA 1101 [a].) Although disclosure is construed liberally, the question of what falls within the scope of permissible discovery evidence is not unlimited, rather such is left to the discretion of the court. (See Casabona v Huntington Union Free School Dist., 29 AD3d 723 [2d Dept 2006].) In general, however, the rule is that there shall be full disclosure of all material and necessary information for the prosecution or defense of the action, regardless of the burden of proof. (CPLR 3101 [a].) “Material and necessary” have been interpreted to mean “disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.” (Elmont Open MRI & Diagnostic Radiology, P.C. v New York Cent. Mut. Fire Ins. Co., 16 Misc 3d 161, 164 [Nassau Dist Ct 2007], quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; see Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746 [2000].) In short, disclosure extends to all relevant information calculated to lead to relevant information, not just information that can be used as evidence in chief. (CPT Med. Servs., P.C. v Allstate Ins. Co., NYLJ, July 1, 2003, at 20, col 3.)
Other courts have held that health care service providers are entitled to disclosure of the assignor’s no-fault file which the de *231 fendant has in its possession, concluding that these records are material and necessary to the prosecution of a plaintiffs claim that seeks to recover no-fault benefits where a defendant has denied payment. (Vinings Spinal Diagnostic v Progressive Cas. Ins. Co., 15 Misc 3d 270 [Nassau Dist Ct 2006]; Westbury Med. Care, PC. v Lumbermans Mut. Ins. Co., 5 Misc 3d 838 [Nassau Dist Ct 2004].)
Here, the plaintiffs motion seeking to compel disclosure is based upon the defendant’s refusal to turn over material information. An order to compel disclosure is the proper vehicle to invoke when a party fails to respond to or comply with any request or demand made pursuant to article 31 of the Civil Practice Law and Rules. (CPLR 3124.) On the other hand, discovery demands which are irrelevant, privileged or confidential, may be subject to a protective order. (CPLR 3101; Delta Diagnostic Radiology, P.C. v Progressive Cas. Ins. Co., 11 Misc 3d 136[A], 2006 NY Slip Op 50492[U] [App Term, 2d Dept 2006].) The party seeking to avoid discovery bears the burden to show that the material sought by the other party is irrelevant. (MOPS Med. Supply v GEICO Ins. Co., 4 Misc 3d 185, 188 [Civ Ct, Kings County 2004].) As such, here it is the defendant who bears the burden to establish that the material the plaintiff seeks is irrelevant. The defendant has failed to do so here.
The defendant purports that the medical documents the plaintiff seeks to have disclosed are irrelevant to the prosecution or defense of the matter since they cannot be used at trial by the defendant and could not assist the plaintiff in proving its prima facie case that the bills were mailed to the defendant. This argument is unpersuasive, for it oversimplifies the complexities intrinsic to a trial and the unpredictable path that the testimony of a witness at trial invariably takes. This court acknowledges those complexities in a trial, and finds that it is reasonable to infer that the information the plaintiff seeks to have disclosed may serve to rebut the defendant’s various claims, including the one that the services rendered were not medically necessary. As well, the materials may serve as material evidence ripe for cross-examination of the defendant’s expert witnesses which the plaintiff has a right and a duty to probe. In this court’s opinion, the information the plaintiff seeks to obtain, at the very least, may lead to relevant information that bears on the controversy in question. Therefore, the plaintiff is entitled to disclosure of this information.
Finally, however, this court finds that the plaintiff is not entitled to make such discovery demands in the absence of pro- *232 during an assignment of benefits from the assignor. (Westbury Med. Care, P.C. v Lumbermans Mut. Ins. Co., 5 Misc 3d 838 [Nassau Dist Ct 2004].) Unlike the plaintiffs companion case, which is also before this court (MD Imaging v Progressive N. Ins. Co., index No. CV-07-4590), the court file in the instant matter does not have an assignment of benefits form on file that demonstrates the plaintiff is legally authorized to obtain medical records concerning the claim which is the subject of this lawsuit. As such, the plaintiff must provide an assignment of benefits or authorization form to the defendant establishing that the assignor has authorized the disclosure of privileged information to MD Imaging, EC. for purposes of obtaining insurance benefits.
Therefore, in upholding the rule that disclosure is to be broadly construed, this court finds within its broad discretion that the documents sought by the plaintiff are discoverable, for the information may rebut some of the defendant’s claims or it may lead to relevant information that bears on the controversy in question, and so it is ordered, that plaintiffs motion to compel is granted upon the defendant’s receipt of the assignor’s valid authorization.