OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this action against defendant Constance Linzer to recover the principal sum of $7,797.99 for medical services it had provided to her after she had been involved in a motor vehicle accident on May 11, 2004. In her answer, defendant denied liability and asserted, among other things, that she had assigned to plaintiff her right to recover no-fault benefits and she was therefore not personally liable to plaintiff. She subsequently moved for, among other things, summary judgment dismissing the complaint. Plaintiff opposed the motion, and, by order entered November 30, 2009, insofar as relevant here, the District Court granted the branch of the motion seeking summary judgment dismissing the complaint.
The issue in this case is whether a document drafted by plaintiff and executed by defendant, entitled “Assignments of Benefits/Release of Information,” was an authorization or an assignment. There is a distinction between an assignment of no-fault benefits from a patient to a provider and an authorization by the patient to a no-fault insurer to pay benefits directly to the provider.
“An authorization is no more than a direction from a patient to the no-fault insurer to pay benefits directly to the provider. There is no transfer of rights, privileges and remedies from the patient to the provider. The effect of an authorization is that the provider retains the right to bill the patient directly in the event that the no-fault insurer denies the claim. In contrast, an assignment transfers all *61 of the patient’s rights, privileges and remedies to the provider. The provider, therefore, stands in the shoes of the patient, and may pursue all of the remedies that would have been available to the patient”
(Ops Gen Counsel NY Ins Dept No. 08-04-16 [Apr. 2008]).
The current no-fault regulations provide that assignments must be made on the prescribed statutory forms (see Insurance Department Regulations [11 NYCRR] § 65-3.11 [b]), which require the assignee to agree not to “pursue payment directly from the Assignor for services provided by said Assignee” (see Insurance Department Regulations [11 NYCRR] ch III, subch B, part 65, appendix 13 [NYS Form NF-AOB]). Moreover,
“[statements within assignments such as ‘in the event that the no-fault carrier fails or refuses to pay for the services provided then I, the patient, agree that I will be responsible for the value of services rendered by said Doctor,’ are prohibited under the No-Fault regulation. Such language should be given no legal effect and the assignee may not pursue the assignor directly,” with exceptions not relevant to this case (Ops Gen Counsel NY Ins Dept No. 06-05-07 [May 2006]).
The regulations also prescribe specific language to be used for an authorization to pay benefits (see Insurance Department Regulations [11 NYCRR] ch III, subch B, part 65, appendix 13 [NYS Form NF-3, NYS Form NF-4, NYS Form NF-5]).
Although the document in question stated that defendant was “assigning]” to plaintiff “all the hospital and medical insurance benefits which may become available by reason of the hospitalization and/or medical treatment of the patient including any insurance policies and other third party payor programs” and requested that “any insurance company or other third party payor . . . pay over to the Hospital any sums due for hospital and/or physicians’ services,” it also provided that she would be responsible for payment “where insurance or other third party benefits are insufficient to pay for all of the patient’s hospital and/or physicians’ services rendered.”
Plaintiff clearly failed to comply with the regulations in that it failed to use a prescribed form and failed to employ the requisite language for assignments or authorizations, as set forth in the regulations. In interpreting the document, any ambiguities therein must be construed against the drafter (see 22 NY Jur 2d, Contracts § 257), and indeed we give great weight *62 to the fact that plaintiff drafted the document in question, and denominated it an “Assignment of Benefits.” Under these circumstances, and in view of the fact that the Insurance Department has specifically stated that no legal effect should be given to language in assignments permitting the provider to pursue the patient for reimbursement of amounts not paid by the no-fault carrier (with exceptions not here relevant), plaintiff may not seek reimbursement from defendant.
As the District Court noted, plaintiff should not be able to take advantage of its noncompliance with the applicable regulations in its attempt to pursue a claim against defendant (see also Rehab. Med. Care of N.Y. v Travelers Ins. Co., 188 Misc 2d 176 [App Term, 2d & 11th Jud Dists 2001]; Quality Med. Healthcare, P.C. v Lumberman’s Mut. Cas. Co., 2002 NY Slip Op 50098[U] [App Term, 1st Dept 2002]). It was therefore proper for the District Court not to give effect to the language of the document which purportedly reserved plaintiffs right to collect from defendant any unpaid balance for services rendered. Accordingly, so much of the order as granted the branch of defendant’s motion seeking summary judgment dismissing the complaint is affirmed.
Tanenbaum, J.E, Molía and Iannacci, JJ., concur.