Allstate Ins. Co. v Kapeleris (2020 NY Slip Op 02645)





Allstate Ins. Co. v Kapeleris


2020 NY Slip Op 02645


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-04826
 (Index No. 605068/15)

[*1]Allstate Insurance Company, appellant, 
v
Stacey Kapeleris, respondent.


Peter C. Merani, P.C., New York, NY (Stephen C. Lanzone and Samuel A. Kamara of counsel), for appellant.
The Law Office of Jason Tenenbaum, P.C., Garden City, NY, for respondent.



DECISION & ORDER
In an action pursuant to Insurance Law § 5106(c) for a de novo determination of claims for no-fault insurance benefits, the plaintiff appeals from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered April 3, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the defendant's counterclaim for no-fault benefits, or, in the alternative, pursuant to CPLR 3211(a)(3) to dismiss the defendant's counterclaim for no-fault benefits for lack of standing, and granted those branches of the defendant's cross motion which were for summary judgment dismissing so much of the complaint as alleged that she lacked standing and, in effect, for a determination that she had standing to seek recovery of no-fault insurance benefits from the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant, Stacey Kapeleris, was involved in a motor vehicle collision on April 15, 2008. In October 2008, Kapeleris underwent spinal surgery at Winthrop University Hospital (hereinafter Winthrop), which was performed by a physician associated with Long Island Neurosurgical Associates, P.C. (hereinafter LI Neurosurgical). Nassau Anesthesia Associates (hereinafter Nassau Anesthesia) provided the anesthesia services for the surgery. Kapeleris assigned her right to no-fault insurance benefits for medical expenses to Winthrop and to Nancy E. Epstein, a physician who was associated with LI Neurosurgical. On appeal, the parties do not dispute that the assignment to Winthrop constituted a valid assignment at the time of its execution within the meaning of the relevant no-fault regulations.
In November 2008, Winthrop submitted a claim to Kapeleris's insurer, the plaintiff, Allstate Insurance Company (hereinafter Allstate), for no-fault insurance benefits for Kapeleris's surgery and related care in the amount of $51,489.16. That same month, LI Neurosurgical submitted a claim to Allstate in the amount of $6,348.99, and Nassau Anesthesia submitted a claim for $1,263.63. Allstate denied all three claims on the ground that the services were not medically necessary based upon an independent medical examination that was performed in August 2008. Subsequently, the three providers billed Kapeleris directly for their services. In August 2011, Kapeleris settled the bills submitted by the three providers through direct payments made from an attorney trust account by the attorneys representing Kapeleris in connection with her personal injury [*2]action stemming from the underlying accident. Payment was made to Winthrop in the amount of $21,317.02, to LI Neurosurgical in the amount of $2,250, and to Nassau Anesthesia in the amount of $1,542.86.
In February 2014, Kapeleris submitted the matter to arbitration seeking $33,588.11 in connection with the three claims at issue. In March 2015, the arbitrator rendered an award in favor of Kapeleris in the sum of $10,682.87. Allstate appealed the award to a master arbitrator, who affirmed the award.
On August 6, 2015, Allstate commenced this action pursuant to Insurance Law § 5106(c) for a de novo determination of Kapeleris's claims for no-fault insurance benefits. Kapeleris served an answer to the complaint containing, inter alia, a counterclaim for no-fault benefits. Allstate moved, inter alia, for summary judgment on the complaint and dismissing Kapeleris's counterclaim for no-fault benefits or, in the alternative, pursuant to CPLR 3211(a)(3) to dismiss Kapeleris's counterclaim for no-fault benefits for lack of standing, arguing that Kapeleris assigned her rights to those benefits to the medical providers that treated her. Kapeleris cross-moved, among other things, for summary judgment dismissing so much of the complaint as alleged that she lacked standing and, in effect, for a determination that she had standing to seek recovery of no-fault insurance benefits from Allstate. The Supreme Court, inter alia, denied Allstate's motion, and granted the aforementioned branches of Kapeleris's cross motion. With respect to the issue of standing, the court determined, among other things, that since Kapeleris had tendered payment to Winthrop and LI Neurosurgical from her own proceeds, she had standing to pursue any claims for reimbursement against Allstate for nonpayment.
An accident victim may assign his or her no-fault claim to a medical provider who has provided a medical service (see 11 NYCRR 65-3.11; Long Is. Radiology v Allstate Ins. Co., 36 AD3d 763, 764-765). The no-fault regulations provide that assignments must be made on the prescribed statutory forms (see 11 NYCRR 65-3.11[b][2]; John T. Mather Mem. Hosp. v Linzer, 32 Misc 3d 59, 61 [App Term, 2d Dept]). The prescribed language requires the assignee (treatment provider) to certify that "[t]hey have not received any payment from or on behalf of the assignor [patient] and shall not pursue payment directly from the assignor for services provided by said assignee for injuries sustained due to the [subject] motor vehicle accident" (11 NYCRR R Appendix 13 [NYS Forms NF-3, NF-4, NF-5, NF-AOB]; see John T. Mather Mem. Hosp. v Linzer, 32 Misc 3d at 60). In this regard, as set forth in an informal opinion issued by the Office of the General Counsel of the New York State Insurance Department, "a health care provider who has accepted a no-fault assignment of benefits from a no-fault claimant may not pursue the patient directly for health services rendered that have been denied as medically unnecessary, notwithstanding the language of the assignment, which states in the event that the no-fault carrier fails or refuses to pay for the services provided then I, the patient, agree that I will be responsible for the value of services rendered by said Doctor,'"as "[t]he use of such language is prohibited under N.Y. Comp. Codes R. & Regs. tit. 11, § 65-3.11(b)(2) (2005) (Regulation 68-C)" (Ops Gen Counsel NY Ins Dept No. 06-05-07 [May 2006]; see John T. Mather Mem. Hosp. v Linzer, 32 Misc 3d at 60; see also A.M. Med. Servs., P.C. v Progressive Cas. Ins. Co., 101 AD3d 53, 64 ["informal opinion of the General Counsel, while not binding on the courts, is entitled to deference unless irrational or unreasonable" (citation omitted)]).
Here, in support of her cross motion, Kapeleris submitted evidence establishing that although she had assigned her right to no-fault benefits to two medical providers, Winthrop and Nancy E. Epstein, she was billed directly by Winthrop and LI Neurosurgical for their services after the claims of those providers were denied by Allstate for lack of medical necessity (cf. Abruscato v Allstate Prop. & Cas. Ins. Co., 165 AD3d 1209, 1211). Further, Kapeleris's evidentiary submissions showed that she remitted payment to those providers for their services in connection with the subject accident. Thus, Kapeleris's evidentiary submissions showed that neither Winthrop nor LI Neurosurgical could certify that "[t]hey have not received any payment from or on behalf of the assignor [Kapeleris]," and that they would "not pursue payment directly from the assignor for services provided by said assignee for injuries sustained due to the [subject] motor vehicle accident." This evidence was sufficient to demonstrate, prima facie, that the assignment to Winthrop and LI [*3]Neurosurgical, though valid when made, had been rendered ineffectual, and therefore, Kapeleris had standing to pursue her claims for no-fault benefits against Allstate for services rendered by Winthrop and LI Neurosurgical.
Furthermore, Kapeleris demonstrated that she did not execute an assignment of her rights to collect no-fault benefits to Nassau Anesthesia (see 11 NYCRR 65-3.11[b][1], [2]; Lopes v Liberty Mut. Ins. Co., 24 Misc 3d 127[A], 2009 NY Slip Op 51279[U] [App. Term, 2d Dept]). Thus, Kapeleris also demonstrated, prima facie, that she had standing to pursue her claim for no-fault benefits against Allstate for the payment she made to Nassau Anesthesia.
In opposition, Allstate failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The parties' remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court.
Accordingly, we agree with the Supreme Court's determination denying those branches of Allstate's motion which were for summary judgment on the complaint and dismissing Kapeleris's counterclaim for no-fault benefits, or, in the alternative, pursuant to CPLR 3211(a)(3) to dismiss Kapeleris's counterclaim for no-fault benefits for lack of standing, and granting those branches of Kapeleris's cross motion which were for summary judgment dismissing so much of the complaint as alleged that she lacked standing and, in effect, for a determination that she had standing to seek recovery of no-fault insurance benefits from Allstate.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court