Hernandez v Merchants Mut. Ins. Co. (2022 NY Slip Op 04156)

Hernandez v Merchants Mut. Ins. Co.

2022 NY Slip Op 04156

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.

2017-11209
2018-03241
 (Index No. 68054/13)

[*1]Mario Hernandez, respondent, 
v
Merchants Mutual Insurance Company, appellant.

Lawrence N. Rogak, LLC, Oceanside, NY, for appellant.
Law Offices of Michael H. Joseph, PLLC, White Plains, NY (Clifford S. Nelson of counsel), for respondent.

DECISION & ORDER
In an action to recover first-party no-fault benefits under a policy of automobile insurance, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated September 30, 2017, and (2) a judgment of the same court, dated October 26, 2017. The order granted the plaintiff's motion for summary judgment in the principal sum of $44,573.86. The judgment, upon the order, is in favor of the plaintiff and against the defendant in the principal sum of $44,573.86.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In 2008, a vehicle operated by the plaintiff and insured by the defendant, Merchants Mutual Insurance Company, was struck in the rear by a sanitation truck owned by the City of White Plains. The plaintiff subsequently underwent surgery to remove his L5-S1 disc and replace it with an artificial lumbar disc. After the defendant denied the subject claims on the ground that the surgery was not medically necessary, the plaintiff commenced the instant action to recover first-party no-fault benefits. The defendant answered the complaint and the plaintiff later moved for summary judgment in the principal sum of $44,573.86, representing unpaid first-party no-fault benefits under the insurance policy. The defendant opposed the motion. The Supreme Court granted the plaintiff's motion and issued a judgment in favor of the plaintiff in the principal sum of $44,573.86. The defendant appeals.
"The No-Fault Automobile Insurance Law defines 'first party benefits' as 'payments [*2]to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle'" (Matter of Johnson v Buffalo & Erie County Private Indus. Council, 84 NY2d 13, 18, quoting Insurance Law § 5102[b]; see Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida, 132 AD3d 40, 47). The no-fault law defines "basic economic loss" (Insurance Law § 5102[a]) as "[a]ll necessary expenses incurred for: (i) medical, hospital . . . [and] surgical . . . services" (id. § 5102[a][1][i]) as well as loss of earnings from work. Like the statute, the regulations promulgated thereunder expressly state that reimbursable medical expenses consist of "necessary expenses" (11 NYCRR 65-1.1; see Long Is. Radiology v Allstate Ins. Co., 36 AD3d 763, 765).
A plaintiff makes a prima facie showing of entitlement to judgment as a matter of law by submitting evidence that the prescribed statutory billing forms were mailed and received, and that payment of no-fault benefits was overdue (see Insurance Law § 5106[a]; 11 NYCRR 65-3.8[c]; Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 501; A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co., 39 AD3d 779, 780; New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547, 547).
In support of his motion, the plaintiff submitted, inter alia, the disputed claims, the defendant's form denials, the affidavit of his surgeon, Richard Peress, and the affidavit of Christine Taylor, assistant director of patient accounts for Phelps Memorial Hospital (hereinafter the hospital).
The plaintiff demonstrated, prima facie, that the prescribed statutory billing forms relative to the medical services provided by Peress were mailed and received, and that the defendant failed to pay or validly deny the claims within the permissible 30 days (see Insurance Law § 5102[a][1]; Global Liberty Ins. Co. v W. Joseph Gorum, M.D., P.C., 143 AD3d 768; New York & Presbyt. Hosp. v Selective Ins. Co. of Am., 43 AD3d 1019; Hobby v CNA Ins. Co., 267 AD2d 1084; see also DeGiorgio v Racanelli, 136 AD3d 734; Geffner v North Shore Univ. Hosp., 57 AD3d 839). In opposition, the defendant failed to submit evidence in admissible form sufficient to raise a triable issue of fact as to whether the claimed benefits were properly denied on the ground of lack of medical justification (see 11 NYCRR 65-3.8[b][4]).
Contrary to the defendant's contention, the plaintiff had standing to pursue his claims for no-fault benefits (see Allstate Ins. Co. v Kapeleris, 183 AD3d 626).
Given that the amount of the outstanding no-fault benefits relative to the medical services provided by Peress exceeds the principal sum awarded in the judgment, we need not reach the parties' remaining contentions, including whether the plaintiff was entitled to no-fault benefits relative to the medical services provided by the hospital.
Accordingly, we affirm the judgment.
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court