Allstate Ins. Co. v Kapeleris (2025 NY Slip Op 00839)

Allstate Ins. Co. v Kapeleris

2025 NY Slip Op 00839

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2021-09241
 (Index No. 605068/15)

[*1]Allstate Insurance Company, respondent,
v
Stacey Kapeleris, appellant.

The Law Office of Jason Tenenbaum, P.C., Melville, NY, for appellant.
Law Office of Peter C. Merani, P.C., New York, NY (Adam J. Waknine of counsel), for respondent.

DECISION & ORDER
In an action pursuant to Insurance Law § 5106(c) for a de novo determination of claims for no-fault insurance benefits, the defendant appeals from a judgment of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), dated December 10, 2021. The judgment, insofar as appealed from, upon a decision of the same court dated November 19, 2021, made after a nonjury trial, is in favor of the defendant and against the plaintiff on the defendant's counterclaim in the principal sum of only $25,109.88 and awarding the defendant attorneys' fees in the sum of only $76,856.67.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The facts underlying this action are summarized in our decision and order on a prior appeal (see Allstate Ins. Co. v Kapeleris, 183 AD3d 626). After a nonjury trial, a judgment dated December 10, 2021, was entered in favor of the defendant and against the plaintiff on the defendant's counterclaim for no-fault insurance benefits in the principal sum of $25,109.88 and awarding the defendant attorneys' fees in the sum of $76,856.67. The defendant appeals, contending that the awards are inadequate.
"'In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses'" (Gelaj v Gelaj, 216 AD3d 1082, 1083, quoting O'Brien v Dalessandro, 43 AD3d 1123, 1123; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
The evidence in the record establishes that the amount of the Supreme Court's award on the defendant's counterclaim for no-fault insurance benefits in the principal sum of $25,109.88 was proper. Since the defendant, after being billed directly by her medical providers, reached a settlement with them and paid them the total sum of $25,109.88 to satisfy the medical bills, she incurred reasonable expenses for medical treatment in the total sum of $25,109.88 and was not responsible for the original amount billed to her (see Allstate Ins. Co. v Kapeleris, 183 AD3d at 627-629; cf. Todaro v GEICO Gen. Ins. Co., 46 AD3d 1086).
Further, the award of attorneys' fees in the sum of $76,856.67 was a provident exercise of discretion (see Insurance Law § 5106[a]; Ins Dept Regs [11 NYCRR] § 65-4.10[j][4]).
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.

2021-09241 DECISION & ORDER ON MOTION
Allstate Insurance Company, respondent,
v Stacey Kapeleris, appellant.
(Index No. 605068/15)

Appeal from a judgment of the Supreme Court, Nassau County, dated January 10, 2021. Motion by the appellant to strike stated portions of the respondent's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated March 3, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court